264 So.2d 28 (1972)
Edward Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. P-127.
District Court of Appeal of Florida, First District.
June 29, 1972.
Louis O. Frost, Jr., Public Defender, Gerald Sohn, Bartley K. Vickers and Steven Rohan, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Joseph DeMember, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
This is an appeal from a final judgment, entered pursuant to jury verdict, finding appellant guilty of possession and sale of a narcotic drug (heroin) and the sentences imposed therefor.
The information against appellant charged him with two counts  possession and sale of a narcotic drug  both offenses occurring on October 19, 1970. Having been found guilty of both offenses by the jury, appellant was sentenced on March 16, 1971, to five years on each count, said sentences to run consecutively. On March 17, 1971, the sentence imposed on the second *29 count, sale, was set aside and revoked and appellant was resentenced to a term of ten years on said count, to run consecutive to the prior sentence of five years imposed for possession. Upon appellant's motion to vacate and set aside sentence, on June 16, 1971, the sentence imposed on March 16th as to the first count and the sentence imposed on March 17th as to the second count were set aside and revoked. Appellant was then sentenced to serve ten years on the second count, sale, and was released on his own recognizance upon the first count, possession, the court reserving jurisdiction of the cause to impose sentence at a later date as the court may deem advisable.
Appellant now contends that the sentence imposed was illegal. We agree.
In Florida, it is established law that where convictions are entered upon two offenses, each of which constitutes a facet of a single transaction, it is improper to impose separate sentences on each. Only one sentence is applicable and that sentence should be for the highest offense charged. Williams v. State, 69 So.2d 766 (Fla. 1953); Yost v. State, 243 So.2d 469 (Fla.App. 3rd, 1971); Martin v. State, 251 So.2d 283 (Fla.App. 1st, 1971).
The appellee-State concedes the applicability of the above principle to the facts of this case, with respect to the separate sentence for possession. However, it contends that since the entire March 16th sentence was invalid, the court could properly impose a new sentence on the sale count, and said new sentence may be greater or may differ materially in effect from the previous sentence. State ex rel. Rhoden v. Chapman, 127 Fla. 9, 172 So. 56 (1937). It is further alleged that since the 10 year sentence on the second count conformed to the requirements of law and did not exceed the original sentence in terms of total years, it was valid.
The appellee's reasoning would be correct if the entire March 16th sentence were invalid. Such, however, is not the situation herein. Only the separate sentence for possession was illegal. The five year sentence for sale was not invalid by itself. Where two separate judgments or sentences are imposed together, the legality of each must be determined separately. See the cases of Williams v. State, supra; Wells v. State, 168 So.2d 787 (Fla.App. 3rd, 1964); and Martin v. State, supra.
It is further established that a trial court is generally without power to set aside a criminal judgment after it has been partly satisfied by a defendant, and impose a new or different judgment increasing the punishment, even at the same term of court at which the original judgment was imposed. Smith v. Brown, 135 Fla. 830, 185 So. 732 (1938). There are, of course, various exceptions to this rule, but we do not feel that the present case falls within them.
Accordingly, it was error for the trial judge to vacate that portion of the March 16th sentence pertaining to the second count of sale, the highest offense charged; and this case is remanded to the trial court with directions to enter a sentence not to exceed the original sentence imposed on March 16, 1971, for the offense of sale of a narcotic drug, to wit: five years. All other orders concerning the imposition of sentences are reversed.
We have examined the other assignments of error concerning the actual trial of this cause and find them wholly without merit.
Reversed and remanded for proper sentencing in accordance with this decision.
SPECTOR, C.J., and WIGGINTON, J., concur.