WENTWORTH, Judge.
Appellant was convicted of breaking and entering while armed, grand theft, and us *152 ing a firearm during the commission of a felony. Appellant previously appealed his breaking and entering conviction and in Fasenmyer v. State, 413 So.2d 33 (Fla. 1st DCA 1981), this court determined that there was insufficient evidence of a “breaking” and remanded the cause, “for entry of an appropriate judgment and for resentenc-ing.” On remand the breaking and entering count was reduced to entering without breaking and the sentence therefor was accordingly reduced; however, the court contemporaneously increased the sentences for appellant’s other offenses. Appellant now contends that the lower court erred in resentencing for the other offenses; we disagree, and we affirm the order appealed.
In Brown v. State, 264 So.2d 28 (Fla. 1st DCA 1972), this court indicated that
Where two separate judgments or sentences are imposed together, the legality of each must be determined separately .... It is further established that a trial court is generally without power to set aside a criminal judgment after it has been partly satisfied .... There are, of course, various exceptions to this rule
Accord, Pahud v. State, 370 So.2d 66 (Fla. 4th DCA 1979). Brown was subsequently distinguished in Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), where the court ruled that if illegal concurrent sentences are challenged, on remand the court may impose consecutive sentences.[1] The present case is unlike Herring in that the defendant in that case challenged both sentences, while appellant in the present case appealed only one of his three convictions. Nevertheless, we conclude that the circumstances of the present case[2] warrant an exception to the general rule announced in Brown and Pahud. In this regard we have determined to follow U.S. v. Busic, 639 F.2d 940 (3d CCA 1981), which involved an appeal of only one conviction in a multiple count verdict. Busic held that
When the defendants successfully appealed their conviction . .. and obtained reversals, the court’s sentencing plan based on the aggregate conviction . .. was thwarted. In such a case, where the sentences were interdependent, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal.
Chandler v. U.S., 468 F.2d 834 (5th CCA 1972), takes a contrary view. However, we hereby adopt Busic as the better-reasoned opinion; as Busic indicates, the Chandler rule “would allow the guilty to escape punishment through a legal accident,” whereas the Busic approach merely allows the trial court to effectuate its original sentencing intention in a legal manner.[3]
Appellant’s other arguments are without merit. Accordingly, we affirm the order appealed.
BOOTH and THOMPSON, JJ., concur.

. Herring also suggests that Pahud v. State has been overruled sub silentio by Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla.1981).

. The offenses all occurred during a single criminal episode and the sentences imposed were clearly interdependent.

.As Busic indicates, considerations of double jeopardy, as elucidated in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), would preclude the imposition of new sentences with a cumulative effect which is more severe than the cumulative effect of the sentences previously imposed.