457 So.2d 1361 (1984)
Thomas Raphael FASENMYER, Petitioner,
v.
STATE of Florida, Respondent.
No. 63382.
Supreme Court of Florida.
September 13, 1984.
Rehearing Denied November 21, 1984.
*1362 Quentin T. Till, Jacksonville, for petitioner.
Jim Smith, Atty. Gen. and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for respondent.
BOYD, Chief Justice.
This cause is before the Court on petition for review of a decision of the District Court of Appeal, First District. The district court held that on remand after a successful appeal challenging only one of three criminal convictions, where the appellate relief clearly attached to only one of the three convictions, the trial court could resentence the offender not only on the offense affected by the appellate court's ruling but also on the other offenses, including an offense the previously imposed sentence for which had been completely satisfied at the time of resentencing. Fasenmyer v. State, 425 So.2d 151 (Fla. 1st DCA 1983). Finding the jurisdictional ground of express and direct conflict with Troupe v. Rowe, 283 So.2d 857 (Fla. 1973) and Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), we accept the case for review. Art. V, § 3(b)(3), Fla. Const. The issue is whether, when an appellate court reduces the severity of a criminal conviction because of lack of evidence and orders resentencing accordingly, the trial court may change the sentences previously imposed on other convictions not affected by the appellate court judgment. Under the facts of this case as set out below, we hold that it may not.
*1363 In 1973, petitioner was convicted of three crimes and was sentenced for them as follows: (1) count one, breaking and entering with intent to commit a felony, while armed with a dangerous weapon, one hundred years; (2) count two, grand larceny, five years, consecutive to the sentence on count one; (3) count three, use of a firearm during the commission of a felony, fifteen years, consecutive to the sentences on counts one and two. On appeal, the judgment was affirmed without opinion. Fasenmyer v. State, 305 So.2d 99 (Fla. 1st DCA 1974), cert. denied, 315 So.2d 188 (Fla. 1975). However, petitioner sought habeas corpus relief in federal district court and received a new trial. He was again convicted on all three counts, but on appeal the convictions were reversed for a new trial due to procedural error by the trial court which was held to have been damaging to the fairness of the trial. Fasenmyer v. State, 383 So.2d 706 (Fla. 1st DCA), review denied, 389 So.2d 1109 (Fla. 1980).
Upon being tried a third time petitioner was again convicted of the same three offenses and was sentenced as follows: (1) on count one, breaking and entering while armed, fifty years with credit for seven years served; (2) on count two, grand larceny, five years, to be served concurrently with the sentence on count one; (3) on count three, use of a firearm while committing a felony, no sentence was imposed, on the ground that the offense in count three "merged" with the offense in count one. Petitioner again appealed his convictions, and this time the appellate court held that there was insufficient evidence to convict him of breaking and entering. The court held that the highest offense petitioner could be convicted of on count one was entering without breaking. The court remanded for entry of judgment of conviction for that offense and for appropriate resentencing. The court specifically observed, "No error affects appellant's other convictions." Fasenmyer v. State, 413 So.2d 33, 33 (Fla. 1st DCA 1981), review denied, 413 So.2d 877 (Fla. 1982).
On resentencing, the trial court was faced with an unusual situation. When imposing sentence previously the court had determined that count one, breaking and entering enhanced by the carrying of a firearm, and count three, based on the use or display of a firearm during the burglary, had "merged," and accordingly, had imposed no sentence on count three.[1] After remand from the district court of appeal, ordering reduction of the offense in count one to entering without breaking, it was determined that counts one and three had "unmerged" because there was no statutory provision for enhancement of the crime of entering without breaking by proof of the carrying of a firearm.[2] If the sentence *1364 on count one was to be reduced to the statutory maximum punishment of five years and the sentence on count three (no sentence) was left undisturbed, then petitioner would escape punishment entirely for having used a firearm in the commission of the crime.
At the resentencing hearing, petitioner's counsel sought to alleviate this problem for the court by offering a stipulation or testimony that petitioner was carrying a loaded gun at the time of the unlawful entry he was convicted of on count one. Counsel's purpose was to allow the court to sentence petitioner for entering without breaking as a second-degree felony, carrying a possible penalty of fifteen years, rather than as a third-degree felony carrying a maximum penalty of five years. Use of the applicable enhanced penalty provision required proof of possession of "nitroglycerine, dynamite, gunpowder, or other high explosive." See § 810.03, Fla. Stat. (1973) (referring to § 810.01, Fla. Stat. (1973)).[3] However, the court would not accept petitioner's argument that the powder in the bullets of his gun came within this statutory provision, and found that the most petitioner could be sentenced to on count one was five years.
Petitioner's objective in making this stipulation and argument was to avoid having the trial judge resentence him under count three. He argued that resentencing under count three would violate the rule of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Pearce held that although there is no constitutional bar to imposing a more severe sentence on retrial after appeal, the Due Process Clause of the Fourteenth Amendment requires that vindictiveness against the defendant for having taken a successful appeal "must play no part in" resentencing. Valid reasons for a harsher sentence than that previously imposed must affirmatively appear in the record and be based on "objective information concerning identifiable conduct." Id. at 725-26, 89 S.Ct. at 2080-81.
The trial court resentenced appellant as follows: (1) for count one, entering without breaking with intent to commit a felony, five years; (2) for count two, grand larceny, five years, consecutive to count one; (3) for count three, use of a firearm in the commission of a felony, fifteen years, consecutive to counts one and two. Petitioner was given credit for nearly nine years of time served.
On appeal petitioner challenged the resentencing on counts two and three. The district court affirmed and held that the trial court could change the sentences on offenses which were not challenged or disturbed on appeal as to either conviction or sentence. Relying on United States v. Busic, 639 F.2d 940 (3d Cir.1981), the district court reasoned that such a rule would allow the sentencing court to achieve its original sentencing plan based on the aggregate of the convictions. Fasenmyer v. State, 425 So.2d 151, 152 (Fla. 1st DCA 1983).
Petitioner argues that the district court was wrong to affirm the trial court's changing of the five-year sentence on count two from concurrent to consecutive. After his third trial petitioner was sentenced to five years for the offense of grand larceny, to be served concurrently with count one. By that time petitioner had already served seven years on count one and therefore he had fully satisfied the concurrent sentence *1365 on count two. By changing the sentence from concurrent to consecutive in 1982, and not pursuant to any challenge by appellant to the previous sentence or the underlying conviction, the court nullified the service of those five years and violated the Double Jeopardy Clauses of the United States and Florida constitutions.
In Troupe v. Rowe, 283 So.2d 857 (Fla. 1973), this Court held that once a defendant has been sentenced, double jeopardy attaches and a court may not thereafter on its own motion increase the severity of the sentence. Such prohibition, clearly, should apply even more strongly when the offender has fully satisfied the sentence. It was so held in Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873), where the defendant was sentenced to both a fine and imprisonment where the statute provided for either a fine or imprisonment. The Court held that when the offender had paid the fine, the sentence was fully satisfied and the court could not thereafter resentence him. Of course, the rule that a sentence cannot be changed after service has begun does not apply where the defendant successfully challenges his sentence or the conviction upon which it is based.
If petitioner had successfully appealed or collaterally attacked his conviction on count two, on remand the court would have been free to change the sentence from concurrent to consecutive so long as it stayed within the confines of North Carolina v. Pearce. See Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982); Brown v. State, 264 So.2d 28 (Fla. 1st DCA 1972). But we hold that where a conviction is not challenged and not disturbed by the appellate court, and has been fully satisfied by its terms by the time the trial court receives the case on remand, a sentence originally ordered to be served concurrently cannot be changed to consecutive service.
We also find merit in petitioner's argument as it pertains to his new sentence on count three. After petitioner's original conviction, he was sentenced to fifteen years on count three, to be served consecutively to counts one and two. On his second conviction after retrial, the court gave petitioner no sentence on count three because it was deemed to have "merged" with count one. However, after the appellate court reduced count one to entering without breaking, an offense for which there is no provision for enhancement by the use of a firearm, the trial court no longer considered counts one and three merged for sentencing purposes. The court accordingly sentenced petitioner again to fifteen years consecutive to the sentences on counts one and two. While it might well be argued that the new sentence on count three does not come within the rule of Ex Parte Lange because petitioner never finished serving a sentence on count three, we nevertheless find that the court erred in resentencing petitioner on count three.
In affirming the new sentences, the district court found support in United States v. Busic, 639 F.2d 940 (3d Cir.1981). There it was held that because of an appellate court's reversal of one set of convictions among several, the trial "court's sentencing plan, based on the aggregate conviction ... was thwarted. In such a case, we believe an appellate court, vacating one of those sentences, can vacate the other sentence even if its imposition is not specifically raised on appeal." Id. at 947 (footnote omitted). Thus Busic is somewhat different from the present case in that there the appellate court vacated the other sentence while here the appellate court left the other convictions and sentences undisturbed. The propriety of an appellate court vacating an unchallenged sentence in order to allow plenary resentencing as in Busic is not before us because it is clear from the district court's opinion here that only the judgment and sentence on count one were affected by its judgment. 413 So.2d at 33.[4]
*1366 We find Chandler v. United States, 468 F.2d 834 (5th Cir.1972), much more closely applicable to this case. Like the present case, Chandler dealt with a trial court's modification, on its own motion, of the sentence on a conviction that had not been challenged. There the government argued that because of an error in a companion sentence, the trial court properly changed the sentence on the unchallenged count in order to achieve the trial court's original intent. The Court of Appeals was not persuaded because divining the sentencing court's intent was too delicate an undertaking.
To allow the trial court's action in this case to stand would place a rather formidable deterrent in the path of a convicted defendant who desires to apply for post-conviction relief on only one count of a multi-count conviction. By subjecting the defendant to the contingency of having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play "Russian Roulette."
468 F.2d at 837.
Furthermore, the district court's reference, based on the Busic analysis, to "aggregate" sentencing for multiple convictions based on "interdependent" offenses is inconsistent with the principle laid down by this Court in Dorfman v. State, 351 So.2d 954 (Fla. 1977). There we held that general sentences on convictions of multiple offenses were improper.
The evil of a general sentence ... inheres in the uncertainty that its inscrutability creates, for if the trial judge had committed a reversible error as to any one count for any reason, the entire sentence would have to be vacated. Then, on resentencing, a failure to reduce a new sentence for the affirmed conviction or convictions could raise complications comparable to those arising from the imposition of a more severe sentence when a defendant is convicted on retrial of the charges which underlay the reversed conviction.
Id. at 957 (footnote omitted). Each separate offense must carry a discrete sentence. See § 775.021(4), Fla. Stat. (1981). We conclude that the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge's desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court.
The decision of the district court of appeal is quashed and the new sentences improperly imposed on petitioner on counts two and three are vacated.
It is so ordered.
ADKINS, OVERTON and SHAW, JJ., concur.
ALDERMAN and McDONALD, JJ., dissent.
NOTES
[1] Neither the correctness of this characterization, nor its result as determined by the trial court, is an issue before us in this case.
[2] Compare § 810.03, Fla. Stat. (1973) with § 810.01(1), Fla. Stat. (1973). The two statutes provided as follows:

§ 810.01:
(1) Whoever breaks and enters a dwelling house, or any building or structure within the curtilage of a dwelling house though not forming a part thereof, with intent to commit a felony, or after having entered with such intent breaks such dwelling house or other building or structure aforesaid, if he be armed with a dangerous weapon, or have with him any nitroglycerine, dynamite, gunpowder or other high explosive at the time of breaking and entering, or if he arm himself with a dangerous weapon, or take into his possession any such high explosive within such building, or if he make an assault upon any person lawfully therein, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life, or for such term of years as may be determined by the court.
(2) If the offender be not armed, nor arm himself with a dangerous weapon as aforesaid, nor have with him nor take into his possession any high explosive as aforesaid, nor make an assault upon any person lawfully in said building, he shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
§ 810.03:
Whoever enters without breaking, any dwelling house, or any of the buildings or structures mentioned in §§ 810.01 and 810.02 or into any ship or vessel, with intent to commit a felony, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. If the offender entered having with him, or having entered, takes into his possession, any high explosive mentioned in § 810.01, he shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[3] Under section 810.03, Fla. Stat. (1973), entering without breaking was a third-degree felony, with a maximum sentence of five years imprisonment. § 775.082(4)(d), Fla. Stat. (1973). The offense could be enhanced to a second-degree felony by the possession of a "high explosive" as defined in section 810.01(1), but not by possession of a firearm. Breaking and entering under section 810.01 was a second-degree felony but could be enhanced to a first-degree felony by the possession of explosives or a firearm. Second-degree felonies were punishable by a maximum sentence of fifteen years, first-degree felonies by thirty years or life imprisonment. § 775.082(4)(b) and (c).
[4] Thus, had the district court of appeal in 1981 vacated all three sentences rather than simply reversing on count one, Busic might provide support for the holding below. However, the Busic principle is still being debated in the federal courts and is far from having achieved universal acceptance. In Busic v. United States, 446 U.S. 398, 412, 100 S.Ct. 1747, 1756, 64 L.Ed.2d 381 (1980), the question was left open. On remand, the Third Circuit rendered the decision discussed in text. However, the Fifth Circuit, in United States v. Henry, 709 F.2d 298 (5th Cir.1983), held that after a collateral attack, a valid unchallenged sentence cannot be changed. The Supreme Court's decision in United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), upheld the constitutionality of the federal "dangerous special offender" statute, which gives the government the right to seek on appeal to increase the sentence of a dangerous defendant. This holding has created further confusion in light of the Fifth Circuit's view of the Third Circuit's interpretation of DiFrancesco, to the effect that the decision "abolished  even in the absence of a statute  the common law's double jeopardy ban against the imposition of an increased sentence after the defendant has begun to serve his original sentence." United States v. Henry, 709 F.2d at 309-10, (citing United States v. Busic, 639 F.2d 940). Whatever the outcome of that debate, it does not govern our disposition of this case.