627 So.2d 1316 (1993)
Eddie SEAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04036.
District Court of Appeal of Florida, Second District.
December 10, 1993.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Johnny T. Salgado, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Eddie Seago appeals from a resentencing on three counts of a five count information. He argues that the trial court erred when, after vacating the conviction and sentence imposed in count I it resentenced him to consecutive prison terms on counts II, IV and V, when those sentences had previously been imposed concurrently. We agree and reverse.
The appellant pleaded guilty to count I dealing in stolen property, count II uttering a forged instrument, count III fleeing to elude, count IV battery on a law enforcement officer and count V resisting arrest with violence. He was initially sentenced to fifteen years in prison on count I; five years concurrent on count II; time served on count III; and five years concurrent on counts IV and V.
The trial court later set aside the dealing in stolen property conviction under State v. Camp, 596 So.2d 1055 (Fla. 1992). Appellant was resentenced on the other counts as follows: count II five years prison; count III time served; count IV five years consecutive; and count V two years consecutive. The resentencing took place two and a half years after the original sentencing.
This court in Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989), held that a trial court, when correcting an illegal sentence on one count of an information, does not have the authority to modify legal sentences that have been rendered on the other counts. See also Lane v. State, 627 So.2d 556 (Fla. 2d DCA Nov. 24, 1993); Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985).
Reversed and remanded with directions to the trial court to reinstate the original sentences on counts II through V.
CAMPBELL, A.C.J., BLUE, J., and BROWNELL, SCOTT M., Associate Judge, concur.