GRIFFIN, Judge.
Appellant, Curtiss Carlin, was charged by information with burglary of a dwelling, a second degree felony, in lower court case number 92-31689, and with violating the probation he received for two counts of misdemeanor trespass in lower court case number 89-7243. For the burglary, Carlin’s guidelines seoresheet showed a total of seventy-six points, for a recommended sentence of three years in prison and a permitted sentence of community control or one to four and a half years in prison. He pled no contest to the charges in return for a “low-end” guidelines sentence. He was sentenced to five years drug offender probation for the felony and separately received one year concurrent sentences of community control for each of the misdemeanors.
On a prior appeal of both cases, this court vacated the sentences Carlin received for the two misdemeanors since community control is not a sentencing option for a misdemeanor. Carlin v. State, 626 So.2d 316 (Fla. 5th DCA 1993). However, on remand to the circuit court, the trial court not only resentenced Carlin for the misdemeanors, but vacated the sentence for the burglary on the ground that the remaining five year probationary sentence for the burglary constituted a downward departure from the guidelines without written reasons. For the burglary, Carlin was resenteneed to three years in the Department of Corrections, suspended to two years community control, followed by three years probation. For each of the trespasses, Carlin received 364 days in the county jail, to be served concurrently, with credit for 364 days served.
We affirm the sentences for trespass, but reverse that portion of the trial court’s order which vacated Carlin’s earlier sentence for burglary. This sentence was unaffected by the prior appeal and became final upon the expiration of the time to file a motion for rehearing. This sentence may have originally been a downward departure but it was not an illegal sentence. Gartrell v. State, 626 So.2d 1364 (Fla.1993); Fasenmyer v. State, 457 So.2d 1361,1366 (Fla.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985); Kelly v. State, 508 So.2d 788, 789 (Fla. 5th DCA 1987). While an appellate court does have the power to vacate sentences which were not challenged on appeal in order to permit the trial court to effectuate its original sentencing scheme, Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990), this is not what occurred in this case. Accordingly, Carlin’s original sentence in case number 92-31689 is hereby reinstated. The sentences for the trespasses are affirmed.
SENTENCE CORRECTED.
COBB and W. SHARP, JJ., concur.