784 So.2d 452 (2000)
Alfonso DE LA COSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2554.
District Court of Appeal of Florida, Third District.
August 1, 2000.
Rehearing Denied September 13, 2000.
*453 Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before COPE, SHEVIN and RAMIREZ, JJ.
SHEVIN, Judge.
Alfonso De La Cosa appeals sentences imposed on remand from this court's opinion in De La Cosa v. State, 733 So.2d 592 (Fla. 3d DCA 1999). We reverse.
In 1993, De La Cosa was charged with one count of first degree grand theft and multiple counts of second and third degree grand theft. De La Cosa was found guilty as charged. The trial court sentenced De La Cosa to life as a habitual violent felony offender on the first degree grand theft count, and to five years on each remaining count, to run concurrent. The court elected not to sentence De La Cosa as a habitual violent offender on those counts. On appeal, De La Cosa successfully attacked the first degree grand theft conviction.[1] In De La Cosa, this court reversed the first degree grand theft conviction and remanded the cause to the trial court. The remaining convictions and sentences were unaffected.
At the resentencing hearing, De La Cosa argued that he should be discharged because he had already completed the five year concurrent sentences on the remaining counts or, alternatively, that his sentences should remain unchanged as unaffected by De La Cosa on remand. Based on some confusion regarding what sentences De La Cosa had fulfilled, the court *454 declined to discharge De La Cosa. The court sentenced De La Cosa as a habitual violent offender to thirty years on the second degree grand theft counts, and to ten years on the third degree grand theft counts. De La Cosa appeals these sentences.
In Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), this court distinguished between two lines of cases. The first line of cases, applicable to De La Cosa, hold that "a trial court is not free to change a valid and unchallenged sentence." Id., at 967, and cases cited therein; Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985). The Herring court explored this scenario at length and explained that where a defendant does not challenge a sentence on appeal and the court of appeal does not alter that sentence, the trial court cannot, on remand, change the sentence.[2] The second line of cases, relied on by the state, addressed scenarios where the trial court is addressing, on remand, sentences that have been challenged successfully on appeal. To that end, Herring expressed that "no violation of due process occurs when sentences vacated at the defendant's instance are changed to accomplish the trial court's previously declared sentencing goal." Id., at 971. Obviously, De La Cosa does not fall under the second line of cases.
Because the trial court was addressing sentences that were not disturbed on appeal, it was error to impose sentences in excess of De La Cosa's original sentences. In Fasenmyer, the Florida Supreme Court addressed the issue of "whether, when an appellate court reduces the severity of a criminal conviction because of lack of evidence and orders resentencing accordingly, the trial court may change the sentences previously imposed on other convictions not affected by the appellate court judgment." Id., at 1362. Fasenmyer answered that issue in the negative. This court's De La Cosa decision does not affect any conviction other than the judgment and sentence in count one. Moreover, the trial court could not circumvent this proscription by sentencing De La Cosa as an habitual offender. This court's decision in Martinez v. State, 625 So.2d 1306, 1307 (Fla. 3d DCA 1993), clearly states that a "trial court's initial decision not to sentence the defendant as a habitual offender precludes such a sentence on remand." See Cerkella v. State, 687 So.2d 367, 368 n. * (Fla. 3d DCA 1997)(Cope, J., concurring).[3] The trial court erred in resentencing De La Cosa and the sentences must be reversed.
The cases cited by the state in support of its contention that on remand the trial court was free to impose any sentence it wished are not dispositive here. Herring does not support such an outcome here. Fasenmyer specifically distinguished United States v. Busic, 639 F.2d 940 (3d Cir.), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), which addressed a scenario where the appellate court vacated all of defendant's sentences. The issue in Bover v. State, 732 So.2d 1187, 1188 (Fla. 3d DCA), review granted, 743 So.2d 508 (Fla.1999), was "whether a defendant may *455 use Florida Rule of Criminal Procedure 3.800(a) to challenge his habitual offender adjudication." The language in Bover on which the state relies as authority for its assertion that on resentencing the court was free to impose any new sentence, is obiter dictum: "Although apparently unnecessary to consider in this case ..." Bover, 732 So.2d at 1188 n. 8. This footnote merely contemplates the different scenarios under which Bover could be resentenced. Once again, Bover addressed a scenario involving resentencing on remand after reversal of the sentences on appeal.
Harris v. State, 645 So.2d 386 (Fla. 1994), is also factually distinguishable. In Harris, the trial court imposed a habitual offender sentence on remand where one had not been imposed in the original sentencing. However, that sentence on remand was imposed on convictions and sentences that were appealed and were the subject of the appellate court's reversal. Blackshear v. State, 531 So.2d 956 (Fla. 1988), also addressed propriety of increased sentences on remand of sentences challenged on appeal. That scenario is not De La Cosa's case. The two sentences appealed here were not addressed in the first appeal and were not disturbed by this court in De La Cosa.
In addition, the record, as supplemented on appeal, clearly demonstrates that De La Cosa had completed serving his sentences, imposed on these counts, by the time the resentencing hearing took place and has nonetheless remained incarcerated. The Fasenmyer court admonished courts not to resentence defendants under these circumstances. "[O]nce a defendant has been sentenced, double jeopardy attaches and a court may not thereafter on its own motion increase the severity of a sentence. Such prohibition, clearly, should apply even more strongly when the offender has fully satisfied the sentence." Fasenmyer, 457 So.2d at 1365 (emphasis added). This language mandates vacating these sentences.
Based on the foregoing, we vacate the sentences under review, and we order that De La Cosa be discharged from custody forthwith.
Sentences vacated; appellant discharged.
NOTES
[1] De La Cosa also attacked the life sentence imposed on the grand theft conviction and asserted error in a special state-requested jury instruction, and the failure to grant a motion for judgment of acquittal on count 5 of the information.
[2] The Fasenmyer court commented on the evils of permitting such a change and stated: "By subjecting the defendant to the contingency of having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play `Russian Roulette.'" Id., at 1366 (quoting Chandler v. United States, 468 F.2d 834, 837 (5th Cir.1972)).
[3] We note, in passing, that this problem would have been obviated if De La Cosa had been sentenced as an habitual offender on all counts.