DAVIS, Judge.
Pedro Martinez-Yanez challenges his resentencing following the issuance of this court’s mandate in Yanez v. State, 744 So.2d 601 (Fla. 2d DCA 1999). He argues that the trial court improperly exceeded that mandate when, on a remand for re-sentencing, it increased his sentence for armed burglary after this court set aside his conviction and sentence for first-degree felony murder. We agree and reverse.
Martinez-Yanez was originally convicted of first-degree felony murder and armed burglary as the result of an incident that occurred February 25, 1995. The trial court sentenced him to life imprisonment for the murder conviction and to a guidelines sentence of 93.5 months’ imprisonment for the armed burglary conviction. On appeal, this court reversed the felony murder conviction and sentence, affirmed the conviction on the armed burglary, and remanded the case for “resentencing.” See Yanez v. State, 744 So.2d 601.
On remand, the trial court imposed a departure sentence of life imprisonment on the armed burglary and, in giving a reason for the departure, checked the box on the scoresheet which reads: “Offenses arose from separate episodes. Primary offense is at level 4 or higher and the defendant has committed 5 or more offenses within a 189 day period that have resulted in convictions.”
Martinez-Yanez challenges the sentence on several grounds. First, he suggests that since this court did not reverse the armed burglary conviction or sentence on direct appeal, the trial court lacked jurisdiction to alter the sentence. Secondly, he suggests that the trial court violated the prohibition against double jeopardy by imposing a more severe sentence than was previously imposed. Similarly, Martinez-Yanez argues that since the trial court did not depart from the guidelines when determining the original sentence on the armed burglary, it violated double jeopardy by imposing an upward departure sentence at resentencing. Additionally, Martinez-Ya-nez contests the validity of the reason given to support the upward departure.
We need not address the double jeopardy issues nor the sufficiency of the departure reason because we conclude that the trial court lacked the necessary jurisdiction to resentence on the armed burglary. The sentence for the armed burglary was not overturned, and the original conviction and sentence became final with the expiration of the time to file a motion for rehearing. See Carlin v. State, 648 So.2d 261, 262 (Fla. 5th DCA 1994).
The trial court’s reading of this court’s earlier opinion, which remanded for resentencing, as a decision vacating the armed burglary sentence is error. When this court reversed the felony murder conviction and sentence, an amended judgment and sentence had to be prepared. Accordingly, the case was remanded to allow the trial court to bring the judgment and sentence into conformity with this court’s decision. We recognize that an appellate court may reverse even an unchallenged sentence and remand for new sentencing to allow the trial court to effec *590 tuate its original sentencing scheme. See Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990). However, there is nothing in the Yanez opinion to suggest that this court intended, in any way, to reverse, modify, or vacate the armed burglary sentence. See Carlin v. State, 648 So.2d 261.
Accordingly, we reverse the armed burglary sentence and remand for resen-tencing with instructions that any new sentence shall not exceed the original sentence of 93.5 months’ incarceration.[1]
PARKER, A.C.J., and NORTHCUTT, J., concur.

. At the previous resentencing, the State advised the trial court that the original score-sheet was in error. The corrected scoresheet should be the basis for the new resentencing.