890 So.2d 335 (2004)
Jon BURNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5639.
District Court of Appeal of Florida, Second District.
December 10, 2004.
*336 James Marion Moorman, Public Defender, and Richard T. McKendrick, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Jon Burnett seeks review of the trial court's order resentencing him to fifteen years in prison followed by fifteen years' sex offender probation for two counts of lewd or lascivious conduct. Because the trial court was without jurisdiction to increase the sentences for convictions that were affirmed on appeal, we reverse.
Burnett was originally convicted of two counts of lewd or lascivious conduct and 136 counts of possession of child pornography. The trial court imposed concurrent sentences of fifteen years in prison on the lewd or lascivious conduct counts followed by a total of twenty years' probation on the possession of child pornography counts.[1] On appeal, this court reversed the convictions for possession of child pornography, affirmed the convictions for lewd or lascivious conduct, and remanded for "resentencing." See Burnett v. State, 848 So.2d 1170, 1176 (Fla. 2d DCA 2003). On remand, the trial court resentenced Burnett to two concurrent terms of fifteen years in prison followed by fifteen years' sex offender probation. The court expressed its intention to achieve its original sentencing plan of a period of incarceration followed by a period of probation, which was designed to afford Burnett the opportunity to obtain sex offender counseling after his incarceration. These sentences were significantly greater than the concurrent fifteen-year sentences originally *337 imposed for the two counts of lewd or lascivious conduct.[2]
On appeal from resentencing, Burnett argues that the trial court lacked jurisdiction to impose greater sentences on the lewd or lascivious conduct charges. The State argues that the court should be permitted to impose the sentences in order to achieve its original sentencing plan based on the aggregate of Burnett's convictions. However, "the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge's desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court." Fasenmyer v. State, 457 So.2d 1361, 1366 (Fla.1984); see also Martinez-Yanez v. State, 779 So.2d 588 (Fla. 2d DCA 2001).
On appeal of Burnett's original judgment and sentences, this court affirmed Burnett's convictions for lewd or lascivious conduct and remanded for "resentencing." Burnett, 848 So.2d at 1176. As we have previously stated, a direction to the trial court to "resentence" the defendant for convictions otherwise affirmed on remand from a decision vacating other convictions is for the purpose of "allow[ing] the trial court to bring the judgment and sentence into conformity with this court's decision." Martinez-Yanez, 779 So.2d at 589. When this court does not expressly indicate its intention to reverse, modify, or vacate a sentence, the trial court is without authority to impose a harsher sentence on remand. Id. at 589-90.
The trial court in this case thus exceeded its jurisdiction by increasing the sentences for Burnett's lewd or lascivious conduct convictions. We therefore reverse and remand for the imposition of sentences that do not exceed the original concurrent sentences of fifteen years in prison.
Reversed and remanded.
FULMER and NORTHCUTT, JJ., Concur.
NOTES
[1] The court sentenced Burnett to four consecutive terms of five years' probation on counts 1-34, 35-68, 69-102, and 103-136.
[2] These sentences are also illegal because they exceed the statutory maximum of fifteen years. See §§ 775.082(3)(c), 800.04(6)(b), Fla. Stat. (1999). However, our decision in this case renders this issue moot.