PER CURIAM.
In this direct criminal appeal, appellant claims that the trial court erred in resen-tencing him on count II on its own motion after he successfully sought postconviction relief as to his sentence on count I. The state correctly concedes that appellant preserved this claim by objection below and that resentencing on count II was prohibited by Fasenmyer v. State, 457 So.2d 1361 (Fla.1984). Accord Cochran v. State, 899 So.2d 490, 492-93 (Fla. 2d DCA 2005); Burnett v. State, 890 So.2d 335, 337 (Fla. 2d DCA 2004); De La Cosa v. State, 784 So.2d 452, 454-55 (Fla. 3d DCA 2000); Gordon v. State, 635 So.2d 1017, 1018 (Fla. 1st DCA 1994). Therefore, we vacate the life sentence as an habitual felony offender imposed as to count II and remand with directions that the trial court impose the original sentence of 30-years’ probation, consecutive to the prison sentence imposed as to count I.
Appellant also claims that the written judgment and sentence contains a scrivener’s error in that it imposes habitual felony offender sentences as to all four counts while the trial court’s oral pronouncement imposed an habitual felony offender sentence as to only count II. Although this claim is not preserved, we trust that the trial court will correct this scrivener’s error on remand.
REVERSED and REMANDED for re-sentencing.
WEBSTER, VAN NORTWICK and LEWIS, JJ., concur.