916 So.2d 38 (2005)
Timothy Roger KENNY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1002.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*39 Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, Timothy Roger Kenny, was simultaneously sentenced on four separate cases, numbers 98-6499, 99-4700, 01-7068, and 01-12555. After sentencing, Kenny filed a notice of appeal appealing all four of the trial court's orders entered at sentencing. Thereafter, Kenny filed motions to correct sentencing errors in two of the cases, numbers 98-6499 and 99-4700. After considering the motions and conducting a hearing, the trial court judge decided to restructure all four sentences. The trial court entered sentencing orders in all four cases nunc pro tunc to the date of the original sentencing orders. Kenny argues that the trial court did not have jurisdiction to resentence him as to the two 2001 cases where his motion involved only the 1998 and 1999 cases. We agree.
Kenny was sentenced to five years each in the 2001 cases to run concurrently with the sentences in the 1998 and 1999 cases. Kenny was sentenced to ten years in case number 98-6499. All three other sentences were to run concurrently with the sentence in the 1998 case. Kenny's motion to correct sentencing error correctly argued that the sentences for the 1998 and 1999 cases should have been calculated in accordance with the 1995 sentencing guidelines where the conduct underlying the cases was committed prior to the effectiveness of the 1998 guidelines. The trial court's amended sentences provided that Kenny serve 29 months in the 1998 case and 36.25 months in the 1999 case, both to run concurrent to the sentences in the 2001 cases which the trial court determined should be five years each running consecutive to each other.
The state argues that this was permissible restructuring by the trial court citing James v. State, 868 So.2d 1242 (Fla. 4th DCA 2004), Sands v. State, 899 So.2d 1208 (Fla. 5th DCA 2005), Richardson v. State, 821 So.2d 428 (Fla. 5th DCA 2002), and Buchanan v. State, 781 So.2d 449 (Fla. 5th DCA 2001). None of these cases are precisely on point because none of these cases involve a trial court resentencing a defendant as to cases which were not implicated in the motion to correct sentencing error. For example, in Sands, the trial court changed a sentence implicated in the motion to correct sentencing error making it run consecutive to other sentences as opposed to concurrent, as was the case with the original sentence. Sands, 899 So.2d at 1210. The trial court's action in the instant case was not restructuring of sentences implicated in Kenny's motion. To the contrary, this case involves the trial court's authority to change sentences in the two 2001 cases which were not the subject of Kenny's motion.
This fact makes this case more analogous to Seago v. State, 627 So.2d 1316 (Fla. 2d DCA 1993), where the second district found error with a trial court's resentencing based on the trial court's lack of authority to modify sentences not involved in a correction of an illegal sentence. Seago, 627 So.2d at 1316. Admittedly, Seago is not precisely on point where it involved multiple counts in one case and the trial court's resentencing occurred after one count was set aside. Id. However, this procedural difference does not lessen the *40 implication of Seago's guidance as to a trial court's authority to resentence a defendant. This point is further bolstered by a line of cases involving resentencing defendants after appeals. See Fasenmyer v. State, 457 So.2d 1361 (Fla.1984); Burnett v. State, 890 So.2d 335 (Fla. 2d DCA 2004); De La Cosa v. State, 784 So.2d 452 (Fla. 3d DCA 2000): Gordon v. State, 635 So.2d 1017 (Fla. 1st DCA 1994). Fasenmyer, which the other cases cited followed, concluded that aggregate sentencing as it relates to a trial judge's intent to effectuate the original sentencing does not justify modification of sentences not challenged on appeal or disturbed by the appellate court. Fasenmyer, 457 So.2d at 1366. In the instant case, the trial court changed Kenny's sentences in two cases not implicated in his motion to correct sentencing error. Therefore, we conclude the trial court lacked jurisdiction to resentence Kenny in the two 2001 cases. Accordingly, this case is reversed and remanded to allow the trial court to enter corrected sentences in the 2001 cases, returning them to the original sentences.
Reversed and Remanded.
GUNTHER and GROSS, JJ., concur.