DAMOORGIAN, J.
David Rice appeals the trial court’s denial of his motion to withdraw plea and his motion to correct illegal sentence. We find merit in the sentencing issue raised by Rice, and reverse only as to that issue.
Rice entered a plea of no contest to one count of aggravated stalking (count I) and one count of burglary of a dwelling (count II). The trial court sentenced Rice to ten years in prison followed by five years of probation on count I, and to a concurrent five year prison term followed by five years of probation on count II. Rice filed a motion to correct illegal sentence on the basis that his sentence on count I exceeded the legal maximum sentence. The trial court granted Rice’s motion and reduced his prison sentence on count I from ten to five years. However, in order to maintain a total prison time of ten years, the court increased Rice’s sentence on count II to a concurrent ten-year prison term.
Rice argues that the trial court did not have the authority to increase the sentence originally imposed for count II, and by doing so, violated his constitutional guarantee against double jeopardy. We agree and find the Second District’s decision in Pitts v. State to be directly on point. 935 So.2d 634 (Fla. 2d DCA 2006) (holding that “[a] motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence imposed on another count”); see also Delemos v. State, 969 So.2d 544 (Fla. 2d DCA 2007) (holding that court lacked authority to increase sentence on one count when correcting a sentence on another count); Kenny v. State, 916 So.2d 38 (Fla. 4th DCA 2005) (holding that trial court could not change sentences in two cases not implicated in motion to correct sentencing error).
Accordingly, we reverse and remand for the trial court to reinstate the original sentence on count II. We affirm as to the trial court’s denial of Rice’s motion to withdraw plea without further comment.

Affirmed in part, Reversed in paR, and Remanded with directions.

MAY, C.J., and HAZOURI, JJ, concur.