SCHWARTZ, Senior Judge.
The defendant seeks reversal of the adverse aspects of the following decision:
I
After a jury found him guilty, the then trial judge in January of 2002 sentenced Mr. Reynolds to life in prison on count one of the information, for robbery with a firearm. As noted in the Graham opinion, under Florida law a life sentence gives a defendant in Mr. Reynold’s position “no possibility of release unless he is granted executive clemency.” See [Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 2020, 176 L.Ed.2d 825 (2010) ]. As a result, under Graham, I hereby vacate Mr. Reynold’s life sentence as unconstitutional. This case is to be reset for resentencing only on that count. At that resentencing hearing, along with whatever evidence, argument, and authorities the parties deem it necessary to present at such hearing, the parties should be prepared to discuss Judge Padovano’s concurring opinion in Smith v. State, 93 So.3d 371, 2012 WL 2345119 (Fla. 1st DCA June 21, 2012), and its implications for the resentencing of Mr. Reynolds on count one in this case.
II
The jury in this case also found Mr. Reynolds guilty of counts two and *560 three of the information, respectively, carjacking with a firearm and conspiracy to commit armed robbery. At the same sentencing hearing in January of 2002, the trial judge sentenced Mr. Reynolds to 50 years on count two and 30 years on count three. Mr. Reynolds asks that I also vacate those sentences because, he argues, they are “intertwined” with or were imposed “in consideration of’ the life sentence. I decline his request.
The trial judge in this case ordered that the life, 50, and 30 year sentences on each of the counts be served concurrent with on another. Preliminarily, it is important to note that Mr. Reynolds (correctly) does not challenge the legality of his 50 and 30 year sentences on counts two and three. Such term of years sentences have been held to be constitutional post-Graham. See Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012), and cases cited therein (90, 70, and 50 year sentences for juveniles at the time of the nonhomicide offenses not unconstitutional).
The legality of the sentences on counts two and three in this case is important because it distinguishes this case from that line of cases where a trial court has been allowed to “restructure” sentences on various counts or cases so as to achieve an “original sentencing intent.” The latter situation only applies, however, where the sentences to be restructured have been successfully challenged at the trial or appellate court level. See De La Cosa v. State, 784 So.2d 452 (Fla. 3d DCA 2000). The De La Cosa opinion explains the difference between these two “lines of cases.” See id. at 454.
In that case, Mr. De La Cosa was originally sentenced to life in prison for grand theft of the first degree. See id. at 453. He was also sentenced to 5 years in prison on multiple counts of grand theft of the second and third degree, each of those sentences to run concurrent with his other sentences, including the life sentence. See id. On direct appeal of his original convictions and sentences, the appeals court reversed only his conviction and sentence for the grand theft of the first degree; his “remaining convictions and sentences were unaffected.” See id. At a resen-tencing hearing on remand, the trial judge resentenced Mr. De La Cosa to 30 years on the grand thefts of the second degree, and 10 years on the third degree grand thefts. See id. at 454. The Third District Court of Appeal held that the trial court erred because these convictions and sentences were not affected by its reversal of only the count of grand theft of the first degree.
In Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), this court distinguished between two lines of cases. The first line of cases, applicable to De La Cosa, hold that “a trial court is not free to change a valid and unchallenged sentence.” Id., at 967, and cases cited therein; Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1407, 84 L.Ed.2d 796 (1985). The Herring court explored this scenario at length and explained that where a defendant does not challenge a sentence on appeal and the court of appeal does not alter that sentence, the trial court cannot, on remand, change the sentence. The second line of cases, relied on by the state, addressed scenarios where the trial court is addressing, on remand, sentences that have been challenged successfully on appeal. To that end, Herring expressed that “no violation of due process occurs when sentences vacated at the defendant’s instance are changed to accomplish *561 the trial court’s previously declared sentencing goal.” Id., at 971. Obviously, De La Cosa does not fall under the second line of cases.
Id. (footnote omitted).
In this case, I am not “free to change a valid and unchallenged sentence” of Mr. Reynolds. His only invalid sentence in this case is his sentence on count one of life in prison without parole. As in De La Cosa, I am not free to resentence Mr. Reynolds on his other counts. See also Suarez v. State, 974 So.2d 451 (Fla. 3d DCA 2008) (resentencing judge could resentence only on counts where sentence was illegal); Delemos v. State, 969 So.2d 544 (Fla. 2d DCA 2007) (explaining Florida law in detail and holding trial court “lacked authority” to modify legal sentence on a count not challenged by the defendant); Pitts v. State, 935 So.2d 634 (Fla. 2d DCA 2006) (noting that a “motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence on another count”); Kenny v. State, 916 So.2d 38 (Fla. 4th DCA 2005) (holding trial court “lacked jurisdiction” to resentence defendant in two later cases not implicated in his motion to correct sentencing error); Gordon v. State, 635 So.2d 1017 (Fla. 1st DCA 1994) (order remanding for resentencing on counts II and III did not permit trial court to modify legal sentences on counts I and IV); Seago v. State, 627 So.2d 1316 (Fla. 2d DCA 1993) (reversing trial court which resen-tenced on counts not affected by vacation of one count of the judgment).
Ill
As I noted earlier, this case is also plainly not a case where a court is permitted to restructure a vacated sentence to change it from concurrent to consecutive so as to achieve an original sentencing goal or intent. See Sands v. State, 899 So.2d 1208 (Fla. 5th DCA 2005) (approving change of illegal sentence on remand for resentencing from concurrent to consecutive); Buchanan v. State, 781 So.2d 449 (Fla. 5th DCA 2001) (same); Cerkella v. State, 687 So.2d 367 (Fla. 3d DCA 1997) (concurring opinion notes that vacated sentence on count one may on remand be changed from concurrent to consecutive to count two, but “it would be inadvisable to disturb the sentencing order” on count two); Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982) (where all sentences vacated, concurrent could be changed to consecutive to achieve original declared sentencing goal).
IV
In addition to the apparently overwhelming authority in Florida which indicates I am without power to change legal, unchallenged sentences, there is also nothing in the record which I have reviewed or which has been presented to me to indicate that the then trial judge imposed the 50 and 30 year sentences on counts two and three “in consideration of’ the life sentence or that they were “intertwined” with it. As I have already noted, the judge ordered each of these sentences to run concurrent with each other. So, they are not “intertwined” in the sense that one sentence was to run consecutive to another. Moreover, this is not a case where an erroneous classification of an offense, or some other error in the sentencing guidelines scoresheet, affected all counts of an information or judgment. See, e.g., Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987) (erroneous classification of two counts affected guidelines on other counts).
In support of his argument that I should vacate his legal sentences on *562 counts two and three in this case, Mr. Reynolds cites to certain Federal appellate decisions which address the concept under Federal sentencing law of a “sentencing package.” See, e.g., United States v. Klopf, 423 F.3d 1228. 1244-45 (11th Cir.2005). Assuming for the sake of this argument that the record in this case supports the idea that the sentences in this case were part of a “package,” existing precedent appears to foreclose the possibility that this could be the basis for modifying legal, undisturbed sentences. See Fasenmyer v. State, 457 So.2d 1361 (Fla.1984).
In Fasenmyer, the Florida Supreme Court identified the issue as “whether, when an appellate court reduces the severity of a criminal conviction because of lack of evidence and orders resentencing accordingly, the trial court may change the sentences previously imposed on other convictions not affected by the appellate court judgment.” See id. at 1362. The Court answered that question in the negative. In so doing, the Court addressed the issue of “aggregate sentencing”:
We conclude that the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge’s desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court.
Id. at 1366. As a result, even if we had in this case “aggregate sentencing on interdependent offenses” (which as I have noted the record reflects we do not), under Fasenmyer that still would not provide a basis for modifying lawful sentences on convictions.
V
Lastly, I have not found — nor have the parties presented to me — any legal decisions squarely addressing this issue after the United States Supreme Court issued its opinion in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). There are, however, several opinions post-Graham which in general support the result that where a life sentence is vacated under Graham, resen-tencing should be limited to only that count. See Smith v. State, 93 So.3d 371, 2012 WL 2345119 (Fla. 1st DCA June 21, 2012) (trial judge resentenced only vacated life sentences and ordered new term of years sentences to run consecutive to existing undisturbed sentences); Kleppinger v. State, 81 So.3d 547 (Fla. 2d DCA 2012) (vacating life sentence on kidnapping count and remanding for re-sentencing on that “count only”); Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012) (approving trial court’s vacation of only life sentences on sexual battery counts and resentencing to term of years consecutive to remaining counts); Cunningham v. State, 74 So.3d 568 (Fla. 4th DCA 2011) (reversing and remanding for resentencing only the counts where life sentences were imposed); Guzman v. State, 68 So.3d 295 (Fla. 4th DCA 2011) (reversing life sentence on a violation of probation and remanding to the “trial court for resentencing on the violation only”); Manuel v. State, 48 So.3d 94, 98 n. 3 (Fla. 2d DCA 2010) (noting specifically in the multi-count case that the defendant was “not entitled to be resentenced” on a count that carried a sentence of 40 years).
VI
In his memoranda in support of his request that I vacate the sentences on all counts in this case, Mr. Reynolds argues that the “U.S. Supreme Court has condemned the sentencing process in Flori *563 da for failure to consider relevant evidence.” I do not read Graham to stand for that proposition. Graham specifically provides that a “State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime.” Graham, 130 S.Ct. at 2030. In other words, a life sentence for a juvenile offender convicted of a nonhomicide crime is not unconstitutional. What is unconstitutional, however, is for the State not to give juvenile offenders like Mr. Reynolds “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” See id. In this case, there was nothing unconstitutional about the process that the then trial judge used in January of 2002 to sentence Mr. Reynolds to life in prison. What the Court has held is unconstitutional is the result that offenders such as Mr. Reynolds who are sentenced to life in prison have no right to parole or any other realistic way to “obtain release based on demonstrated maturity and rehabilitation.” That is not a condemnation of the process which led to the sentences in this case of life, 50, and 30 years in prison.
VII
One final observation is in order. My review of the opinions with regard to resentencing defendants where one or more, but not all, of the counts or sentences involved are successfully challenged, indicates that in most — if not all — of those reported decisions the courts were concerned with the trial court being vindictive or imposing harsher sentences than the original sentencing judge. In other words, the law prohibiting trial courts from disturbing lawful sentences on counts not affected by a decision to vacate illegal sentences on other counts arose in a factual context which benefitted the defendants in those cases.
In this case, in seeking to vacate all of the sentences he received in this and other cases, it is safe to assume that Mr. Reynolds believes that after a resentenc-ing hearing he will receive a more favorable sentence on each count. Of course, I have not made any decision as to any sentence Mr. Reynolds may receive as I have not yet held a resentencing hearing where the parties are entitled to present all information they deem appropriate under Florida law. Certainly, he will no longer be sentenced to life in prison without parole.
State v. Reynolds, 2012 WL 2951226, 19 Fla. L. Weekly Supp. 835a (Fla. 11th Cir. Ct. July 18, 2012).
We entirely agree with the trial court and adopt the opinion as our own.
Affirmed.