DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**KENT ALLEN SALLAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D11-2667 & 4D13-524

[October 22, 2014]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case Nos. 1998CF008174 AXX and 502003CF012490A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

This consolidated appeal stems from the proceedings that followed Defendant's filing of a rule 3.800(a) motion challenging the sentence imposed in a 1998 case following a violation of probation (L.T. Case No. 98-8174). The sentence imposed in the 1998 VOP case was entered simultaneously with a 2003 case involving new charges (L.T. Case No. 03-12490), and a single score sheet was used. As we explain, while the error alleged with regard to the VOP case (98-8174/4D11-2667) has been rendered moot, the trial court erred in resentencing Defendant in the case which involved the new charges (03-12490/4D13-524).

In lower court case numbers 98-8174 and 03-12490, Defendant filed a rule 3.800(a) motion to correct illegal sentence. In his motion, Defendant alleged that, in June of 2005, he was simultaneously sentenced for a violation of the probation (VOP) imposed in lower court case number 98-8174 and for the crimes in lower court case number 03-12490. Following the plea to the VOP, the trial court sentenced Defendant to 25.475 years

in prison for count 1 and to 5 years in prison for count 3, with the sentences to run concurrent with those imposed in the 2003 case. Defendant challenged the sentences imposed in 98-8174 on two grounds. First, the 5-year prison sentence on count 3 was illegal as no probation had been imposed for count 3. Second, the 25.475-year prison sentence imposed for count 1 was based upon an incorrect score sheet as the trial court had both used the wrong version of the guidelines score sheet and incorrectly used a single score sheet for the VOP in 98-8174 and the 2003 case. Defendant argued the use of the single, incorrect score sheet had resulted in an increased VOP sentence for count 1 in 98-8174, but conceded the sentences imposed in the 2003 case did not need to be altered due to his PRR status. The trial court granted the motion to the extent it challenged the sentence imposed for count 3 in 98-8174, but denied relief as to count 1.

Defendant appealed the trial court's ruling denying him relief as to count 1 in 98-8174 (4D11-2667). During the pendency of the appeal, Defendant filed a motion asserting that the State had conceded the sentence imposed upon the VOP in 98-8174 was based upon the wrong version of the guidelines and asking that this court relinquish jurisdiction to the trial court to correct the error. We granted the motion and relinquished jurisdiction to the trial court. Then, following a hearing and the preparation of separate score sheets for 98-8174 and 03-12490, the trial court resentenced Defendant on count 1 in 98-8174 and reduced Defendant's sentence in that case from 24.475 years to 11.825 years. The trial court also resentenced Defendant in 03-12490 and *increased* the sentence from 15 years to 17.966 years, with 15 years to be served as a PRR.[1] Defendant then appealed the sentence imposed in 03-12490 during the relinquishment period (4D13-524).

The trial court's resentencing of Defendant for count 1 in 98-8174, based upon a corrected score sheet, renders the appeal in 4D11-2667 moot. We must, however, reverse the sentence imposed during the relinquishment period in 03-12490 for two primary reasons. First, our order relinquishing jurisdiction to the trial court was limited to 98-8174; and second, Defendant was not seeking relief from the sentence imposed in 03-12490. *See Kenny v. State*, 916 So. 2d 38 (Fla. 4th DCA 2005) (holding trial court lacked jurisdiction to modify sentences imposed in

---

[1] Previously, Defendant had been sentenced to 15 years as a PRR, but the State argued that, under the CPC, the court was required to impose the lowest permissible sentence as calculated by the CPC if such lowest permissible sentence exceeded the PRR sentence. The trial court agreed with the State and resentenced Defendant accordingly.

2001 cases where the defendant's rule 3.800(a) motion challenged only the sentences imposed in his 1998 and 1999 cases). Significantly, the State never independently sought to challenge Defendant's original sentence in 03-12490 as an illegal sentence.

*Reversed and Remanded.*

WARNER and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**