599 So.2d 1349 (1992)
Joe Cecil BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3205.
District Court of Appeal of Florida, First District.
May 15, 1992.
Rehearing Denied June 23, 1992.
*1350 Nancy A. Daniels, Public Defender, and Steven A. Been, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant, Joe Cecil Bryant, was convicted and sentenced for two counts of robbery with a deadly weapon and two counts of aggravated battery upon an elderly person. He raises numerous issues in this appeal. Because we find that the trial judge erred when he reclassified the aggravated batteries from second degree felonies to first degree felonies pursuant to Section 784.08(2), Florida Statutes, we vacate the sentences imposed for the aggravated batteries and remand for resentencing.
The state's second amended information charged the appellant with two counts of robbery with a deadly weapon in violation of § 812.13(2)(a) and two counts of aggravated battery upon an elderly person in violation of § 784.08. The evidence at trial revealed that on June 17, 1990, the appellant struck Cecil Jones on the head with a pool cue as Jones exited his car in his carport. The appellant demanded money from Jones, threatened to kill him and repeatedly struck him on the head and hands with the cue. When Myra Jones went to her husband's aid, the appellant struck her as well and demanded her purse. She surrendered her purse to the appellant, and, eventually, Cecil Jones surrendered his wallet. The appellant took the purse and wallet, picked up some splintered pieces of the pool cue from the ground and left the scene. He was followed for a short time by a neighbor who saw him running away and observed the Joneses' distress. The neighbor and the two 73-year-old victims identified the appellant as the assailant in the courtroom. Police officers testified that shortly before the attack, they had seen the appellant in the area carrying a pool cue and wearing clothing which matched the description given by the Joneses.
At the close of the state's case, defense counsel moved for a judgment of acquittal on the aggravated battery counts arguing that, although the Joneses were "obviously elderly people," the state had not proved that the appellant knew they were 65 years old or older. The judge denied the motion, observing that the jury could reasonably conclude from the victims' appearance that "anyone should recognize that they were *1351 over 65." At the charge conference, the appellant requested an instruction permitting the jury to find him guilty of the aggravated batteries only if he knew the victim in each count was 65 years old or older. The judge denied this request as well and instructed the jury to find the appellant guilty of aggravated battery upon an elderly person "if the victim named was at the time 65 years of age or older and if the defendant either knew or should have known that said victim was a person 65 years of age or older." The jury found the appellant guilty as charged.
At sentencing, defense counsel admitted that the appellant qualified for sentencing as a habitual violent felony offender under § 775.084(1)(b). Although the judgment and sentence does not clearly reflect the judge's election to so sentence the appellant, the transcript of the sentencing hearing reveals that the appellant was sentenced under the habitual violent felony offender provisions.[1] The judge imposed consecutive life sentences for the two robbery with a deadly weapon offenses. For each of the aggravated batteries upon an elderly person, he imposed a life sentence to run concurrently with the corresponding robbery offense against the same victim. The judge reasoned that the aggravated batteries, ordinarily second degree felonies under § 784.045(2), should be reclassified to first degree felonies pursuant to § 784.08(2)(a). He therefore imposed two life sentences for the batteries pursuant to the habitual violent felony offender statute, § 775.084(4)(b)1, noting, in addition, that each sentence carries a mandatory minimum 3-year term pursuant to § 784.08(1).
The appellant first argues that because robbery with a deadly weapon is a first degree felony punishable by life under § 812.13(2)(a), he was not subject to sentencing as a habitual violent felony offender therefor because § 775.084(4)(b) does not provide for an extended term of imprisonment for first degree felonies punishable by life. We affirm the appellant's habitual violent felony offender sentences for the robbery offenses because his argument was rejected in Burdick v. State, 594 So.2d 267 (Fla. 1992).
Next, the appellant argues that the judge erred in denying his motion for judgment of acquittal on the aggravated battery upon an elderly person charges. Urging this court to reverse the judge's reclassification of the offenses to first degree felonies, he insists that aggravated battery upon an elderly person requires proof that the defendant knew, when he committed the battery, that his victim was 65 years old or older. He contends that the state may not satisfy its burden of proof on this knowledge element by relying upon the victim's appearance. Alternatively, the appellant argues that he is entitled to a new trial because the judge erred when he instructed the jury to find him guilty of aggravated battery upon an elderly person if he "either knew or should have known" the victim's age.
Section 784.08 provides in relevant part:
(1) A person who is convicted of an aggravated assault or aggravated battery upon a person 65 years of age or older shall be sentenced to a mandatory minimum term of 3 calendar years and fined not more than $10,000 and shall also be ordered by the sentencing judge to make restitution to the victim of such offense and to perform up to 500 hours of community service work. Restitution and community service work shall be in addition to any fine or sentence which may be imposed and shall not be in lieu thereof.
(2) Whenever a person is charged with knowingly committing an assault or aggravated assault or a battery or aggravated battery upon a person 65 years of age or older, the offense for which the person is charged shall be reclassified as follows:
(a) In the case of aggravated battery, from a felony of the second degree to a felony of the first degree.
In State v. Nelson, 577 So.2d 971, 972 (Fla. 4th DCA 1991), the court determined that although it is doubtful that the legislature *1352 intended the state to have to prove that the defendant knew his victim was at least 65 years old before the enhanced penalty identified in § 784.08(2) could be invoked, the wording of the statute permits no alternative construction. We agree with Nelson but further observe that because the word "knowingly" appears only in subsection two, a defendant's knowledge of his victim's advanced age is relevant only when the state specifically charges a violation of § 784.08(2) and seeks an upward reclassification of the defendant's offense. The information in this case did not indicate which subsection of § 784.08 was the operative one, but, more importantly, it did not charge the appellant with "knowingly committing an ... aggravated battery upon a person 65 years of age or older."[2]
In our view, the information necessarily charged the appellant with a violation of § 784.08(1) so it was not necessary for the state to allege or prove that the appellant knew the victims' ages. Because there was overwhelming evidence that the appellant battered Cecil and Myra Jones with a deadly weapon and the Joneses were over the age of 65 at the time, the appellant's motion for judgment of acquittal on the § 784.08(1) charges was properly denied. It was, however, error for the judge to reclassify the appellant's offenses from second degree felonies under § 784.045(2) to first degree felonies pursuant to § 784.08(2)(a), because the appellant was never prosecuted under the latter statute. We therefore vacate the sentences imposed on the aggravated battery counts and remand for resentencing on the two second degree felony offenses. We need not address the appellant's assertion of error in the jury instructions because of our view that § 784.08(1) does not require the state to prove that the defendant knew of his victim's advanced age.
The appellant next assails the judge's decision to reclassify his aggravated batteries from second degree to first degree felonies under § 784.08(2) and then enhance the penalties for those offenses again under the habitual violent felony offender statute. According to the appellant, it is unclear whether such "double enhancement" was intended by the legislature. In light of our conclusion that the reclassification of the appellant's aggravated batteries was error, double enhancement in the appellant's case is no longer possible and we need not address this issue.
Finally, the appellant asserts as error the judge's imposition of consecutive 3-year mandatory minimum terms for his aggravated battery offenses under § 784.08(1). The appellant contends that the aggravated batteries were committed at the same time and place and thus, stacking of the mandatory minimum terms is impermissible under Palmer v. State, 438 So.2d 1, 4 (Fla. 1983). Because we are vacating the sentences imposed for the appellant's aggravated battery offenses, we need not decide this issue. We note, however, that stacking of the 3-year mandatory minimum terms under § 784.08(1) may well be problematic after Daniels v. State, 595 So.2d 952, (Fla. 1992), which held that stacking of the mandatory minimum terms provided in the habitual felony offender statute is error.
Accordingly, we affirm the appellant's conviction of two counts of aggravated battery upon an elderly person in violation of § 784.08(1). We vacate the sentences imposed for the appellant's aggravated battery offenses and remand for resentencing on the two second degree felonies. On remand, the judge shall conform the judgment and sentence to reflect his decision to *1353 sentence the appellant as a habitual violent felony offender.
ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] On remand, the judge should correct this error.
[2] For example, count 3 of the second amended information reads in pertinent part:

JOE CECIL BRYANT, on or about June 17, 1990, at and in Escambia County, Florida, did unlawfully commit a battery upon Myra N. Jones by actually and intentionally touching or striking said person against said person's will, or by intentionally causing bodily harm to said person, and in commission of said battery did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement to Myra N. Jones or in committing said battery used a deadly weapon, to-wit: a stick or poole cue [sic] and at the time of said battery Myra N. Jones was 65 years of age or older in violation of Sections 784.045 and 784.08, Florida Statutes.