603 So.2d 512 (1992)
Antwaun Lopez GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00016.
District Court of Appeal of Florida, First District.
May 11, 1992.
On Rehearing August 28, 1992.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from judgment and sentences following a jury trial for burglary of a dwelling, attempted sexual battery, aggravated battery on a person over the age of 65, and robbery.
We find no merit in the issues raised by appellant. However, the judgment erroneously states, as conceded by the State, that appellant was adjudicated guilty of attempted sexual battery, a second-degree felony. In fact, he was found guilty of *513 attempted sexual battery using slight force, a third-degree felony. We must remand for correction of this apparent scrivener's error.
Accordingly, we set aside the judgment and sentences, and remand for correction of the error specified herein.
ERVIN, BOOTH and ZEHMER, JJ., concur.

ON REHEARING
In our previous opinion, we affirmed the conviction of appellant, Antwaun Lopez Gordon, for, among other things, aggravated battery. We also affirmed the trial court's reclassification of that offense from a second-degree felony to a first-degree felony pursuant to Section 784.08(2), Florida Statutes (1989), which requires the court to reclassify that offense when the victim is over 65 years old. In his motion for rehearing, appellant points out that based upon this court's recent decision in Bryant v. State, 599 So.2d 1349 (Fla. 1st DCA 1992), the trial court should not have reclassified Gordon's offense. We agree, and accordingly grant the motion for rehearing.
Section 784.08(1) authorizes certain penalties for a person convicted of assault or battery, aggravated or otherwise, on a person over 65. Section 784.08(2) provides, in part:
Whenever a person is charged with knowingly committing an assault or aggravated assault or a battery or aggravated battery upon a person 65 years of age or older, the offense for which the person is charged shall be reclassified as follows:
(a) In the case of aggravated battery, from a felony of the second degree to a felony of the first degree.
(Emphasis added.) This court held in Bryant both that the information must specifically charge, and the state must then prove, the defendant knew the victim was over 65, before the defendant's offense may be reclassified under section 784.08(2). The information in Bryant charged him with violating section 784.08 by intentionally committing the aggravated batteries and knowingly causing the victims great bodily harm, and stated that his victims were over 65, but did not allege that he knew his victims were over 65. Because the information did not make this specific allegation, this court construed the information as charging Bryant with violating section 784.08(1) and not (2). Count III of the information in the case at bar is virtually identical to the count quoted in Bryant,[1] in that it similarly charged Gordon with knowingly committing the aggravated battery, but only stated that his victim was over 65, and not that he knew she was.[2] Moreover, no proof on this matter was ever introduced at trial.
Although Gordon made no objection related to this issue,[3] we consider it to have been fundamental error. We rely on case law in which the courts have found it to be fundamental error to convict a defendant of a crime for which he or she was not charged, but which was erroneously submitted to the jury as a lesser included offense of the crime that was charged, if the offense carries an equal or greater degree and penalty than the charged offense, so long as defense counsel did not request the improper instruction or rely on the erroneous charge during arguments. Ray v. State, 403 So.2d 956 (Fla. 1981); *514 Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983). We consider that principle to be applicable here, so that Gordon's second-degree offense cannot be reclassified to a greater degree and penalty when he was neither charged with, nor evidence introduced proving, the uncharged first-degree offense. There is nothing in the record to indicate that defense counsel asked for a jury instruction under subsection (2) rather than (1),[4] and counsel did not rely on such charge in her opening or closing arguments, thus there was no waiver or estoppel under Ray.
We find Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), review denied, 453 So.2d 45 (Fla. 1984), analogous. Cochenet was charged and convicted of burglary under Section 810.02(2)(a), Florida Statutes (1981), which made it a first-degree felony to commit an assault during commission of a burglary. Count I of the information, however, only alleged that he entered the victim's home with intent to commit aggravated assault against the inhabitant, not that an assault had actually occurred. The court held that Cochenet's conviction should have been for a second-degree felony (burglary of a dwelling when a person is inside), and should not have been enhanced to a first-degree felony, since actual assault was not alleged. In so holding, the court concluded this was fundamental error under the rule stated in Ray, because the offense for which Cochenet was convicted was greater in degree and penalty than the offense with which he was charged. Accord Zettle v. State, 538 So.2d 121 (Fla. 1st DCA 1989) (follows Cochenet, but did not involve issue of fundamental error).
As in Cochenet, it was fundamental error to convict Gordon of the reclassified offense under section 784.08(2) when he was not properly charged with violating such provision in the information. We therefore grant the motion for rehearing, reverse appellant's conviction for aggravated battery as a first-degree felony, and remand for entry of a judgment for a second-degree felony pursuant to section 784.08(1) and for resentencing both as to this offense and for the offense, as stated in our opinion of May 11, 1992, of attempted sexual battery using slight force, a third-degree felony.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
ERVIN and ZEHMER, JJ., concur.
BOOTH, J., dissents.
NOTES
[1] See Bryant, 599 So.2d at 1352 n. 2.
[2] Count III states:

ANTWUAN LOPEZ GORDON, on or about the 25th day of May, 1990, in the County and State aforesaid, did unlawfully commit a battery upon [alleged victim] against her will, or by intentionally causing bodily harm to [alleged victim], and in commission of said battery did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to [alleged victim]. It is further alleged that at the time Antwuan Gordon Lopez [sic] committed this aggravated battery that [alleged victim] was 65 years of age or older, in violation of sections 784.03, 784.045, and 784.08, Florida Statutes.
[3] Gordon did not file a motion to dismiss the information, move for judgment of acquittal on this issue, object to the erroneous instruction at trial, or raise any objection post-trial or at sentencing.
[4] There is no transcript of a charge conference in the record, and the court in Ray stated that waiver of fundamental error cannot be found when the record is silent as to whether defense counsel requested an erroneous instruction. Ray, 403 So.2d at 961.