635 So.2d 1017 (1994)
Antwuan Lopez GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4024.
District Court of Appeal of Florida, First District.
April 22, 1994.
Nancy A. Daniels, Public Defender, and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Antwuan Lopez Gordon has appealed from sentences imposed after remand in Gordon v. State, 603 So.2d 512 (Fla. 1st DCA 1992). We affirm the sentences imposed for Counts II and III of the information, but vacate the sentences imposed for Counts I and IV and remand for reinstatement of the original sentences.
Gordon was convicted of: I. burglary of a dwelling, II. attempted sexual battery with force likely to cause great bodily harm, III. aggravated battery on a person over 65, and IV. robbery. The trial court imposed the following habitual felony offender sentences: I. 30 years, II. 10 years (consecutive to I), III. life (concurrent with I and II), and IV. 30 years (concurrent with I, II, and III). This court initially affirmed with directions to correct the judgment on Count II to reflect conviction of the third-degree felony of attempted sexual battery with slight force. Gordon v. State, 603 So.2d 512, 513 (Fla. 1st DCA 1992). On rehearing, the court additionally reversed the conviction as to Count III, and remanded for entry of a judgment for a second-degree felony; the court ordered resentencing as to both counts. Gordon, 603 So.2d at 514.
At the resentencing proceeding held pursuant to the Gordon mandate, the trial court resentenced Gordon not only as to Counts II and III, but as to Counts I and IV as well. It orally imposed the following habitual felony offender sentences: I. 30 years (consistent *1018 with the original sentence), II. 10 years (consecutive to I), and III. 30 years (concurrent with I and II). As to Count IV, the court orally imposed the original 30-year habitual felony offender sentence. It initially indicated that, as before, it was to run concurrently with the other sentences. However, the court later stated, "This, the sentence in Count IV is consecutive." The written sentence as to Count IV indicated, consistently with the latter pronouncement, that the 30-year term was to run consecutively to Counts I-III.
Gordon argues on appeal that the trial court had no authority to resentence him as to Counts I and IV, citing Fasenmyer v. State, 457 So.2d 1361 (Fla. 1984) (on remand after appeal, the trial court is not authorized to modify sentences not disturbed by the appellate court). He seeks remand for reinstatement of the original sentences as to those counts. The state maintains that resentencing on all counts was proper "to create a single, uniform record." However, it notes that the written sentence as to Count IV indicates that it is to run consecutively, and seeks remand for its conformance to the oral pronouncement that it was to run concurrently. The state does not address the trial court's later oral pronouncement that the Count IV sentence was to run consecutively.
In Seago v. State, 627 So.2d 1316 (Fla. 2d DCA 1993), Seago was convicted of dealing in stolen property, uttering, fleeing to elude, battery on a law enforcement officer, and resisting arrest with violence. The trial court later set aside the conviction for dealing in stolen property. It resentenced Seago on the remaining offenses, imposing consecutive (rather than the original concurrent) terms. The appellate court reversed, holding that "a trial court, when correcting an illegal sentence on one count of an information, does not have the authority to modify legal sentences that have been rendered on the other counts." Seago, 627 So.2d at 1316, citing Fasenmyer. The court reversed and remanded with directions to reinstate the original sentences on the remaining counts.
In this case, the Gordon court ordered resentencing only as to Counts II and III. It did not disturb the judgments and sentences as to Counts I and IV. Hence, the trial court had no authority to modify the legal sentences imposed as to those counts. Fasenmyer; Seago. As to Count I, the trial court imposed the original sentence. Thus, any error could be classified as harmless. However, the record is ambiguous as to whether the trial court intended to re-impose the original sentence as to Count IV, or to impose a modified sentence, i.e., to run consecutively rather than concurrently. Therefore, for clarity's sake, we vacate the sentences imposed as to Counts I and IV, and remand for reinstatement of the original sentences as to those counts.
ERVIN and WEBSTER, JJ., concur.