728 So.2d 284 (1999)
Stuart Erving WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04121.
District Court of Appeal of Florida, Second District.
February 10, 1999.
*285 James Marion Moorman, Public Defender, and Douglas Chanco, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Following a violation of probation, Stuart Erving Wade was sentenced on three counts of sexual battery by a person under the age of eighteen on a child under the age of twelve.[1] Wade appeals his designation as a sexual predator and claims error because his offenses were committed prior to the passage of the Florida Sexual Predators Act. We agree and reverse.
The amended information and judgment in the record reveal that Wade's offenses were committed in 1989 and 1990. The Florida Sexual Predators Act was first enacted in 1993 and took effect on October 1, 1993. See Ch. 93-277, § 6, at 2626, Laws of Fla. The criteria for sexual predator designation requires an offense committed on or after October 1, 1993. See § 775.23(4)(a), Fla. Stat. (1997). Because Wade's offenses were committed prior to October 1, 1993, we conclude that he did not meet the criteria for a sexual predator designation.
The State does not dispute the factual accuracy of Wade's claim but asserts that Wade has failed to preserve this issue because he did not attack the designation by a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b). However, a sexual predator designation is neither a sentence nor a punishment. See Burkett v. State, 23 Fla. L. Weekly D1630, ___ So.2d ___, 1998 WL 374712 (Fla. 2d DCA July 8, 1998), review denied, 719 So.2d 892 (Fla. 1998). Therefore, Wade would not be entitled to seek relief under rule 3.800. See Angell v. State, 712 So.2d 1132 (Fla. 2d DCA 1998) (holding that Florida Rules of Criminal Procedure 3.800 and 3.850 are not available to challenge erroneous designation as sexual predator). Accordingly, we reverse and remand for the trial court to strike Wade's designation as a sexual predator.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and THREADGILL, J., Concur.
NOTES
[1] See § 794.011, Fla. Stat. (1989).