PER CURIAM.
Stacey Moore appeals a trial court order summarily denying his motion for postcon-viction relief. He alleges that his plea to the charge of failure to register as a sexual predator was involuntary and that his resulting adjudication and sentence were illegal because he committed his underlying offense of sexual battery prior to the effective date of the Sexual Predators Act, October 1, 1993. See Wade v. State, 728 So.2d 284 (Fla. 2d DCA 1999)(holding that the Florida Sexual Predators Act does not apply to offenses occurring before October 1, 1993, the act’s effective date); § 775.21(4)(a), Fla. Stat. See also Kelly v. State, 745 So.2d 1126 (Fla. 1st DCA 1999).
Appellant is not challenging his conviction or sentence for sexual battery. Neither is he directly challenging any order of the trial court requiring him to register as a sexual predator. Indeed, in his motion filed below, he has alleged that the Department of Corrections and his probation officer required him to register as a sexual predator. Here, appellant is challenging his subsequent adjudication and sentence for failure to register, which he claims are the product of an involuntary plea.
Appellant’s motion was filed pursuant to Florida Rule of Criminal Procedure 3.170®, but that rule applies to motions to withdraw pleas filed within thirty days after rendition of sentencing. His motion was filed almost three years after his sentencing. His motion could have been treated as if filed under Florida Rule of Criminal Procedure 3.850, but it was not verified as required by subsection (c) of that rule, nor is it timely. However, appellant may qualify for an exception under subsection (b) of rule 3.850.
Therefore, we affirm the trial court’s summary denial of the motion to withdraw plea, without prejudice to appellant’s right to refile an amended, verified motion under Florida Rule of Criminal Procedure 3.850, which raises this challenge.
WARNER, TAYLOR and HAZOURI, JJ., concur.