CASANUEVA, Chief Judge.
 

 Carl Edward Dennis appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one, two, four, five, and six without comment. However, we approve the State’s concession of error on ground three and reverse for further proceedings.
 

 Procedural History
 

 The State charged Mr. Dennis with four counts of sexual battery. At trial, a jury convicted him on three counts, acquitting him on one. This court per curiam affirmed his judgment and sentences.
 
 See Dennis v. State,
 
 681 So.2d 284 (Fla. 2d DCA 1996) (table decision). Mr. Dennis subsequently filed this motion for postcon-viction relief. The postconviction court summarily denied grounds one through five and, following an evidentiary hearing, denied ground six.
 

 In ground three of his postconviction motion, Mr. Dennis claimed that the trial court erred in declaring him a sexual predator. He asserted that the State charged him with committing his offenses over a thirteen-month time period, part of which preceded the effective date of the Florida Sexual Predators Act.
 
 [1]
 
 The postconviction court summarily denied the claim, ruling that Mr. Dennis should have raised it on direct appeal.
 

 Analysis
 

 The postconviction court erred in denying ground three. Since 2005, this court has held that “a sexual predator designation ... may be challenged like a sentencing issue by postconviction motions pursuant to rules 3.800(a) and 3.850.”
 
 King v. State,
 
 911 So.2d 229, 234 (Fla. 2d DCA 2005).
 

 Additionally, Mr. Dennis’s claim has merit. The State’s felony information charged that Mr. Dennis committed his offenses between January 1, 1993, and February 28, 1994, inclusive. Section 775.21, Florida Statutes (2008), otherwise known as the Florida Sexual Predators Act, only authorizes the imposition of the sexual predator designation for offenses committed on or after the Act’s effective date of October 1, 1993.
 
 See
 
 ch. 93-277, § 1, at 2624, Laws of Fla.;
 
 Anderson v. State,
 
 774 So.2d 719, 719 (Fla. 2d DCA 2000);
 
 Wade v. State,
 
 728 So.2d 284 (Fla. 2d DCA 1999),
 
 receded from on other grounds in King,
 
 911 So.2d at 233. The State charged Mr. Dennis with committing his offenses during a thirteen-month period that includes dates both before and after the Act’s effective date.
 

 There is no evidence in the record before us to establish the dates of Mr. Dennis’s offenses with any greater specificity than the period charged in the information. The two victims were young children when Mr. Dennis committed his crimes and their trial testimony reflects an inability to identify any precise offense dates. Because it is possible Mr. Dennis committed his offenses before the Florida Sexual Predators Act’s effective date, the rule of lenity prevents the trial court from imposing the sexual predator designation upon him for these convictions.
 
 See, e.g., Clements v. State,
 
 979 So.2d 256 (Fla. 2d DCA 2007)
 
 *81
 
 (holding that when the legislature lengthened a statute of limitations during the defendant’s nine-month charged time period and the evidence did not precisely determine when the offenses were committed during that time period, the more lenient statute of limitations applied).
 

 On remand, the trial court shall strike the sexual predator designation imposed for the convictions in this case from Mr. Dennis’s record.
 

 Affirmed in part; reversed in part; remanded with instructions.
 

 ALTENBERND and KHOUZAM, JJ., Concur.
 

 [1]
 

 .
 
 See
 
 Ch. 93-277, § 1, Laws of Fla.