PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the denial of all but one of the appellant’s claims. For the reasons discussed below, we reverse and remand the denial of appellant’s claim that his sexual predator designation is illegal.
In September of 2001, pursuant to a negotiated plea, the appellant was convicted of attempted capital sexual battery and lewd and lascivious conduct and was sentenced to thirty years’ imprisonment to be followed by fifteen years on probation. The appellant was also designated a sexual predator. The crimes were alleged to have occurred between January 1, 1990, and September 28,1994.
The appellant asserts that his sexual predator designation is improper because he was convicted of offenses that occurred prior to October 1, 1993, the effective date of the Sexual Predator Act. See § 775.21(4)(a), Fla. Stat. (1994) (stating that sexual predator act applies for a “current offense committed on or after October 1, 1993”); Wade v. State, 728 So.2d 284 (Fla. 2d DCA 1999) (“Because Wade’s offenses were committed prior to October 1, 1993, we conclude that he did not meet the criteria for a sexual predator designation.”). The trial court noted that the information alleged the crimes took place between January 1, 1990, and September 28, 1994, and thus, because some of the alleged actions occurred after October 1, 1993, his sexual predator designation is proper.
In Dennis v. State, 32 So.3d 79 (Fla. 2d DCA 2009), a defendant was convicted of three sexual offenses which, according to the information, occurred over a 13-month period which included dates both before and after the Sexual Predator Act’s effective date. The defendant filed a motion for postconviction relief pursuant to rule 3.850 alleging that his sexual predator designation was improper. The Second District agreed, noting that “[t]here is no evidence in the record ... to establish the dates of [the defendant’s] offenses with any greater specificity than the period charged in the information.” The Court also noted that the victim’s testimony did not provide any precise dates. The Dennis Court held, “[b]ecause it is possible Mr. Dennis committed his offenses before the Florida Sexual Predators Act’s effective date, the rule of lenity prevents the trial court from imposing the sexual predator designation upon him for these convictions.” Here, as in Dennis, there is no evidence in the record establishing that the crimes to *165 which the appellant pled guilty occurred after the effective date of the Act.
Accordingly, we REVERSE and REMAND for the trial court to attach portions of the record conclusively demonstrating that the appellant’s crimes were committed after October 1, 1993, or to strike the appellant’s sexual predator designation. We AFFIRM the denial of the appellant’s other claims.
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.