PER CURIAM.
We previously consolidated these cases for briefing purposes. We now consolidate them for disposition on the merits.
In case number 1D11-4467, Appellant seeks review of his judgment and sentence for aggravated child abuse. In case number 1D11-4692, Appellant seeks review of the order revoking his probation based on this new law offense as well as the resulting judgment and sentence in the 2004 case for which he was on probation.
We find no merit in Appellant’s claim that the trial court abused its discretion in allowing Dr. Moorer to provide expert testimony concerning the child’s head injury, and we affirm Appellant’s conviction for aggravated child abuse and the revocation of his probation based on this new law offense without further comment. We do, however, find merit in Appellant’s sentencing error claim.
At the time of the offense giving rise to these cases, Appellant was on probation for a 2004 case involving three counts of burglary of a dwelling, three counts of dealing in stolen property, two counts of defrauding a pawnbroker, and one count of *644 criminal use of personal identification. At the sentencing hearing in these cases, the trial court revoked Appellant’s probation on all of the counts in the 2004 case and orally sentenced him to 15 years in prison on the burglary counts and to time served on the remaining counts. The revocation order and the judgment and sentence in the 2004 case conformed to the oral pronouncement on the burglary counts, but sentenced Appellant to 5 years in prison on the remaining counts.
While this appeal was pending and before the initial brief was filed, Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to correct the discrepancy between the oral pronouncement and the written sentence. The motion was filed on March 16, 2012, and on May 25, 2012, the trial court clerk filed a supplemental record with this court certifying that no order had been entered on the motion. The State asserted in its answer brief that this issue is moot because “the trial court entered an order on June 20, 2011[sic] granting Appellant’s motion to correct sentencing error.” The record contains no such order.
Rule 3.800(b)(2)(B) provides that a motion to correct sentencing error filed while an appeal is pending is to be resolved in accordance with the procedures in subdivision (b)(1)(B) of the rule. That subdivision requires the trial court to file an order on the motion within 60 days and provides that the motion is deemed denied if no order is filed within that timeframe. See Fla. R.Crim. P. 3.800(b)(1)(B) (“If no order is filed within 60 days, the motion shall be considered denied.”).
Here, the 60-day period expired on May 15, 2012. The trial court clerk certified that no order was entered on the motion prior to that date and, thus, the motion was deemed denied. Moreover, even if the State was correct that the trial court entered an order granting the motion on June 20, 2012, that order was a nullity because it was entered after the 60-day period in rule 3.800(b)(1)(B). See Calidonio v. State, 951 So.2d 87, 88 (Fla. 1st DCA 2007) (“[A] trial court has no jurisdiction to rule on a rule 3.800(b) motion after 60 days and an order filed more than 60 days after the motion was filed is a nullity.”). Thus, the sentencing error claim framed by Appellant’s rule 3.800(b)(2) motion is properly before this court and is not moot.
On the merits of the claim, it is well settled that the trial court’s oral pronouncement of sentence controls over the written sentencing order. See Williams v. State, 957 So.2d 600, 603 (Fla.2007). Here, the order revoking Appellant’s probation and the resulting judgment and sentence in the 2004 case conformed to the oral pronouncement of sentence with respect to the burglary counts, but not the remaining counts. Accordingly, in case number 1D11-4692, we reverse the sentences imposed on all counts other than the burglary counts and remand with directions that the revocation order and the judgment and sentence in the 2004 case be corrected to conform to the oral pronouncement on the other counts. We affirm the revocation order and the judgment and sentence in the 2004 case in all other respects, and we also affirm the judgment and sentence in case number 1D11-4467.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.