PER CURIAM.
The appellant filed the instant rule 3.800(a) motion arguing that the trial court erred by sentencing him as a Sexual Predator. He claims that the attempted sexual battery occurred prior to the effective date of the Sexual Predators Act, section 775.21(4)(a), Florida Statutes, which states that the Sexual Predators Act applies to offenses committed on or after October 1, 1993. He asserts that the attempted sexu *249 al battery was committed against his stepdaughter during his marriage, and that the dates asserted by the State in its information relate to the dates of his marriage and his subsequent divorce, and that he was not living in the home after the date that the Sexual Predators Act took effect. Thus, he claims, he is not subject to the Sexual Predators Act. He seeks to have this designation rescinded. See Lowery v. State, 98 So.3d 163 (Fla. 1st DCA 2012).
In Lowery, the defendant complained that his Sexual Predator designation was improper because he was convicted of offenses that occurred prior to the effective date of the Sexual Predators Act. The information actually charged the defendant with committing offenses both before the effective date of the Act as well as after, as is the situation in the instant ease. This court reversed and remanded for the trial court to attach portions of the record conclusively demonstrating that the defendant’s crimes were committed after the Act’s effective date, or to strike the defendant’s Sexual Predator designation.
The State has conceded that the trial court failed to attach the portion of the record that conclusively refutes the appellant’s claim, and that the case should be reversed and remanded for record attachments refuting the claim.
Therefore, as in Lowery, we reverse and remand for the trial court to either attach the portion of the record that conclusively refutes the appellant’s claim, or, if no such documents exist, for the trial court to strike the appellant’s Sexual Predator designation.
REVERSED AND REMANDED.
WOLF, PADOVANO, and LEWIS, JJ., concur.