IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENNETH ALFRED BICKING, III,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D14-4758

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed October 7, 2016.

An appeal from the Circuit Court for Duval County.
Mark Hulsey, III, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Kenneth Alfred Bicking, III, appeals his departure sentences and

seeks the correction of scrivener's errors in his judgment and sentence. We affirm

Appellant's departure sentences without discussion, but remand for entry of a corrected judgment and sentence for the following reasons.

Appellant was charged with (Count 1) armed sexual battery, in violation of section 794.011(3), Florida Statutes, and (Count 2) kidnapping with a weapon, in violation of sections 787.01(1)(a) and 775.087(1)(a), Florida Statutes, based on acts he allegedly committed on April 22, 1992. Pursuant to the jury's guilty verdicts, the trial court entered a Judgment and Sentence, wherein it adjudicated Appellant guilty of both offenses charged, listed sections 794.011(3) and 775.087(2)(a)1. as the offense statute numbers for Count 1, and, under the "Special Provisions" section, checked the box next to "Sexual Predator: The defendant is adjudicated a Sexual Predator in accordance with the provisions of section 775.21(4)(a), Florida Statutes." The trial court also entered an Order Vacating Sexual Predator Order, stating, "This Court, at sentencing, filed an Order Designating the Defendant a Sexual Predator. This was entered in error. While the Defendant will be designated a sexual offender upon any release from prison, the offense date of this crime prohibits a sexual predator designation."

While this appeal was pending, Appellant filed two Motions to Correct Sentencing Error Under Rule 3.800(b)(2), Florida Rules of Criminal Procedure. In his first motion, Appellant sought the correction of scrivener's errors in the judgment and sentence. Specifically, he argued that section 775.087(2)(a)1., the 10/20/Life

2

provision, was improperly listed as an offense statute number for Count 1 because "the offense date in this case predates the enactment of 10-20-Life, and the use of a deadly weapon was charged within the charge of sexual battery under section 794.011(3), not under section 775.087" and that the trial court erred by placing a check mark in the box indicating sexual predator designation because his offense occurred prior to the enactment of the Sexual Predators Act.[1]

On appeal, Appellant argues in part that the trial court erred by failing to correct the scrivener's errors in the judgment and sentence. Count 1 charged Appellant with a violation of only section 794.011(3), Florida Statutes (1992), which encompassed the use of a deadly weapon. Section 775.087(2)(a), Florida Statutes (1992), provided in part that "[a]ny person who is convicted of: 1. Any murder, sexual battery, . . . or any attempt to commit the aforementioned crimes . . . and who had in his possession a 'firearm' . . . shall be sentenced to a minimum term of imprisonment of 3 calendar years." Section 775.087(2) was amended in 1999, after Appellant's offense date, to read in part, "(a)1. Any person who is convicted of a felony or an attempt to commit a felony, *regardless of whether the use of a weapon is an element of the felony*, and the conviction was for . . . ." See Ch. 99-12, § 1, Laws of Fla. (1999) (emphasized language added by amendment). The provisions

---

[1] Given that the trial court did not enter an order on the motion to correct sentencing error within sixty days, the motion is deemed denied. See Hall v. State, 105 So. 3d 642, 644 (Fla. 1st DCA 2013) (citing Florida Rule of Criminal Procedure 3.800(b)).

3

of section 775.087(2), Florida Statutes (1999), are commonly referred to as the 10/20/Life statute. Elozar v. State, 872 So. 2d 934, 935 n.1 (Fla. 5th DCA 2004). Thus, the judgment erroneously refers to section 775.087(2)(a)1.

As for the sexual predator designation, the trial court vacated its order designating Appellant as a sexual predator upon recognizing that the designation was erroneous because his offense pre-dated the enactment of the pertinent law. The State properly concedes that the matter should be remanded to the trial court to remove the sexual predator designation and instead check the sexual offender designation. See Ch. 93-277, § 1, Laws of Fla. (1993) (creating The Florida Sexual Predators Act); § 775.21(4)(a), Fla. Stat. (1993) (stating that the sexual predator criteria apply to offenses committed on or after October 1, 1993); Lowery v. State, 98 So. 3d 163, 164-65 (Fla. 1st DCA 2012) (directing the trial court to strike the sexual predator designation unless it attaches portions of the record conclusively demonstrating that the appellant's crimes were committed after October 1, 1993).

Therefore, we AFFIRM Appellant's sentences but REMAND for entry of a corrected judgment and sentence consistent with this opinion.

LEWIS, BILBREY, and WINOKUR, JJ., CONCUR.