NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD ALBERT ROBERTS,
DOC #C09992,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2D15-3499

Opinion filed April 4, 2018.

Appeal from the Circuit Court
for Pinellas County; Nancy
Moate Ley, Judge.

Michael Ufferman, of Michael
Ufferman Law Firm, P.A.,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney
General, Tallahassee, and
David Campbell, Assistant
Attorney General, Tampa, for
Appellee.

BADALAMENTI, Judge.

      Richard Albert Roberts appeals his jury conviction for capital sexual

battery and the resulting life sentence and sexual predator designation imposed by the

trial court. Roberts contends that the trial court erred by designating him a sexual

predator pursuant to the Florida Sexual Predators Act.[1]  After careful review and the benefit of oral argument, we accept the State's concession that the sexual predator designation was error and reverse that portion of Roberts's sentence.

The sexual predator designation applies to an offense committed on or after October 1, 1993.  See § 775.21(4)(a), Fla. Stat. (2015).  Here, the felony information charges that the offense occurred approximately a decade prior to October 1, 1993.  The trial court nevertheless designated Roberts a sexual predator pursuant to section 775.21 in a written order dated July 1, 2015, and indicated the same in Roberts's judgment.[2]  As the State properly concedes, this was error.  See Wade v. State, 728 So. 2d 284, 285 (Fla. 2d DCA 1999) ("Because [the defendant's] offenses were committed prior to October 1, 1993, we conclude that he did not meet the criteria for a sexual predator designation."), receded from on other grounds by King v. State, 911 So. 2d 229 (Fla. 2d DCA 2005); see also Dennis v. State, 32 So. 3d 79, 80 (Fla. 2d DCA 2009).

On remand, the trial court shall strike Roberts's sexual predator designation imposed for the conviction in this case and enter an amended judgment omitting this designation.  See Dennis, 32 So. 3d at 81; Wade, 728 So. 2d at 285.  We affirm his conviction and resulting life sentence in all other respects.[3]

Affirmed in part; reversed in part; remanded with instructions.

---

[1]See ch. 93-277, § 1, at 2621, Laws of Fla.

[2]Prior to filing his initial brief in this appeal, Roberts timely filed a Florida Rule of Criminal Procedure 3.800(b) motion, requesting that the trial court correct his sentence by removing the sexual predator designation.  Because the trial court failed to rule on this motion within sixty days, the motion was deemed denied by the trial court. See Fla. R. Crim. P. 3.800(b)(2)(B).

[3]We have carefully reviewed all arguments raised by Roberts in this appeal.  We reject his remaining arguments without comment.

NORTHCUTT and SLEET, JJ., Concur.