# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5191

_____

HORACE CUMMINGS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

September 18, 2019


PER CURIAM.

The Appellant, Horace Cummings, appeals from an order denying his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.801. We reverse the denial of his claim for 228 days of jail credit time as to Counts 2, 4, 5, 8, and 11 in the underlying case. As to all other claims, we affirm without further comment.

In 1997, following a jury trial, the Appellant was found guilty of several offenses: First-Degree Murder (Count 1); Armed Kidnapping (Count 2); Armed Robbery (Counts 4, 5, & 8); Attempted Armed Robbery (Counts 6, 9, & 10); and Armed Burglary, as a lesser included offense of Armed Burglary with an Assault (Count 11). He was acquitted on Counts 3, 7, and 12. The

Appellant was sentenced to life on Count 1, and 30 years each on Counts 2, 4, 5, 6, 8, 9, 10, and 11. Counts 2 through 11 were set to run consecutively to Count 1, and concurrent with each other.

As to all of the above counts, the Appellant received 196 days of jail credit in the written judgment and sentence, despite that he was awarded 228 days in an oral pronouncement at the sentencing hearing. This Court affirmed on direct appeal. *See Cummings v. State*, 743 So. 2d 511 (Fla. 1st DCA 1999) (table). The Appellant later filed a rule 3.800 motion to correct an illegal sentence on February 27, 2012, and this Court reversed the lower court's order denying it. *See Cummings v. State*, 106 So. 3d 33 (Fla. 1st DCA 2013).

On remand, the lower court concluded that the 30-year terms as to Counts 6, 9, and 10 were illegal because the offenses had been improperly reclassified from second-degree to first-degree felonies. Since reclassification was improper, the lower court resentenced the Appellant to the maximum term of 15 years as to those three counts, to be served concurrently as to not only Count 2, but also to Count 1 as well. The Appellant again received 196 days of credit time as to all counts. Counts 2, 6, 9, 10, and 11 remained consecutive to Count 1. This Court per curiam affirmed the above revised sentence. *See Cummings v. State*, 181 So. 3d 488 (Fla. 1st DCA 2015) (table).

On April 25, 2016, the Appellant filed the present rule 3.801 motion. He asserted that, during the resentencing, the lower court erred by failing to award **228** days of jail credit as to all of the above counts, as orally pronounced at the original sentencing. *See e.g., Hall v. State*, 105 So. 3d 642, 644 (Fla. 1st DCA 2013) ([I]t is well settled that the trial court's oral pronouncement of sentence controls over the written sentencing order."). On December 27, 2016, the lower court partially granted the Appellant's motion, but only as to the counts concurrent with Count 1, and not as to the consecutive counts. That is, the additional requested credit was granted as to Counts 1, 6, 9, and 10 based on the original award. The lower court did not grant the additional credit as to Counts 2, 4, 5, 8, and 11, and this missing credit is the subject of the instant appeal. The lower court explained that the Appellant was only entitled to jail credit on

2

the first of consecutive sentences, but not the consecutive sentences which followed. *See Barnishin v. State*, 927 So. 2d 68, 71 (Fla. 1st DCA 2006) (holding that a defendant is entitled to jail credit as to only the first of consecutive sentences).

In response to this Court's *Toler* order, [1] the State did not dispute that the original sentencing court had orally announced that the Appellant would receive 228 days of jail credit as to all counts. The State contends, however, that the lower court could rescind that previously awarded jail credit at the resentencing because the Appellant was not legally entitled to it. In view of this Court's previous opinions which bar the rescission of jail credit once it has been awarded, we reject the State's argument.

This Court has long recognized that a "trial court may not sua sponte rescind jail credit previously awarded **at any time** even if the initial award was improper." *Wheeler v. State*, 880 So. 2d 1260, 1261 (Fla. 1st DCA 2004) (citing *Lebron v. State*, 870 So. 2d 165 (Fla. 2d DCA 2004), and *Linton v. State*, 702 So. 2d 236, 236-37 (Fla. 2d DCA 1997)) (emphasis added). "This court views the rescission of previously awarded jail credit as an increased penalty and a violation of the defendant's rights under the Fifth Amendment of the United States Constitution." *Session v. State*, 37 So. 3d 873, 873 (Fla. 1st DCA 2010). Accordingly, the question of legal entitlement to jail credit is immaterial where it has already been granted. *See generally Washington v. State*, 199 So. 3d 1111, 1112 (Fla. 1st DCA 2016); *see also Davis v. State*, 63 So. 3d 847 (Fla. 1st DCA 2011) (same); *Lebron v. State*, 870 So. 2d 165 (Fla. 2d DCA 2004) (same).

Here, the partial granting of the present motion (as to the concurrent counts) is premised on the fact that the Appellant initially received 228 days of jail credit as to *all counts*, including those running consecutive to the life sentence – Counts 2, 4, 5, 8, and 11. Even if the original oral pronouncement of that credit was erroneous, the order on review must still be reversed because the above authorities preclude the rescission of that jail credit. Moreover, the rescission was improper because the lower court

---

[1] *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

3

lacked authority to modify the sentences as originally imposed. The prior appeal which resulted in the subject resentencing only concerned the concurrent nature of Counts 6, 9, and 10. At the original sentencing, the Appellant received 228 days of jail credit as to Counts 2, 4, 5, 8, and 11, all of which were consecutive to Count 1. Neither the Appellant nor the State sought review as to those particular counts, and the corresponding sentences remained intact on remand. The trial court was therefore not at liberty to modify the valid and unchallenged sentences now at issue, but was rather obliged to carry out the clear intent of the original sentencing court as to all counts.[2] Thus, the order on review is reversed and remanded so that the Appellant's sentence may be amended in accordance with this opinion and the original sentencing.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

MAKAR and M.K. THOMAS, JJ., concur; WINOKUR, J., concurs in result only with written opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

[2] *See also Suarez v. State,* 974 So. 2d 451 (Fla. 3d DCA 2008) (resentencing judge could resentence *only* on counts where sentence was illegal); *Delemos v. State,* 969 So. 2d 544 (Fla. 2d DCA 2007) (holding trial court "lacked authority" to modify a legal sentence on a count not challenged by the defendant); *Pitts v. State,* 935 So. 2d 634 (Fla. 2d DCA 2006) (a "motion to correct an illegal sentence does not authorize the trial court to modify a legal sentence on another count"); *Gordon v. State,* 635 So. 2d 1017 (Fla. 1st DCA 1994) (order remanding for resentencing on counts II and III did not permit trial court to modify legal sentences on counts I and IV); *Seago v. State,* 627 So. 2d 1316 (Fla. 2d DCA 1993) (reversing trial court which resentenced on counts not affected by vacation of one count of the judgment).

4

WINOKUR, J., concurring in result only.

As the majority finds, the court was prohibited from altering the jail-credit provisions for Counts 1, 2, 4, 5, 8, and 11. Because the original sentencing judge pronounced 228 days of jail credit for these counts, and because the sentences for these counts were not altered by the earlier Rule 3.800(a) motion, it was error to impose only 196 days upon resentencing, even if the resentencing court found that Cummings should have received only 196 days credit. *See Hall v. State*, 105 So. 3d 642, 644 (Fla. 1st DCA 2013) (finding "that the trial court's oral pronouncement of sentence controls over the written sentencing order.").

The same cannot be said, however, for the jail-credit provisions for Counts 6, 9, and 10. Unlike the remaining counts, Cummings was resentenced on those counts. Because such a resentencing is de novo, the resentencing court was empowered to correct the erroneous provision of jail credit. *See Kopson v. State*, 162 So. 3d 93, 94 (Fla. 4th DCA 2014) (holding that a trial court "can correct an erroneous award of jail credit in a new sentencing proceeding without violating double jeopardy principles."); *see also State v. Collins*, 985 So. 2d 985, 989 (Fla. 2008) (recognizing resentencing "as an entirely new proceeding [which] . . . should proceed de novo on all issues bearing on the proper sentence" (citation and internal quotations marks omitted)). The only limitation on resentencing was that a harsher sentence on remand would have been presumptively invalid. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). Cummings did not receive a harsher sentence on resentencing (fifteen years as opposed to thirty years), so there was nothing inappropriate about correcting the erroneous provision of 228 jail credit to the correct amount of 196 days on those counts.[*] Either way, Cummings received a far lesser sentence on Counts 6, 9, and 10.

---

[*] The trial court correctly noted that Cummings was not entitled to the jail credit on his consecutive sentences. *See Barnishin v. State*, 927 So. 2d 68, 71 (Fla. 1st DCA 2006) (holding that when consecutive sentences are imposed, defendants are "not entitled to have [their] jail time credit pyramided by being given credit on each sentence for the full time [they] spend[] in

5

It cannot be ignored that Cummings is serving a mandatory life sentence plus thirty years imprisonment. It is, at best, unclear whether Cummings will see any benefit from an additional thirty-four days of jail credit on this life-plus-thirty sentence, especially since it is concurrent with jail credit he already received. Courts and litigants seeking real relief may be better off if these claims were limited to ones where the defendant could actually receive a real benefit.

_____

Horace Cummings, pro se, Appellant.

Ashley Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.

_____

jail awaiting disposition" (citation and internal quotations marks omitted)).