PER CURIAM.
Petitioner has filed a timely petition alleging appellate counsel was ineffective for not arguing on appeal that the trial court vindictively imposed consecutive sentences at resentencing in violation of the constitutional prohibition against double jeopardy. We grant the petition in part and deny it in part.
After petitioner entered a nolo conten-dere plea to three counts of DUI manslaughter (counts I, II, and III) and two counts of DUI with serious bodily injury (counts IV and V), the trial court imposed concurrent sentences of fifty-five years on counts I, II, and III and five years on counts IV and V. During the pendency of his direct appeal, petitioner filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which claimed his fifty-five-year sentences on counts I, II, and III were illegal. The state conceded these sentences exceeded the fifteen-year statutory maximum for DUI manslaughter; noted the plea agreement permitted the court to impose a prison sentence of between 38.5 years (the lowest permissible sentence allowed by the scoresheet) and fifty-five years (the sentencing cap provided in the plea agreement); and requested the court to resentence petitioner to consecutive prison terms of fifteen years on counts I, II, and III and five years on counts IV and V. Petitioner responded the court could not resentence him on counts IV and V without violating the constitutional prohibition against double jeopardy because he was not challenging his sentences on those two counts. The trial court granted petitioner’s motion and re-sentenced him to consecutive prison terms of fifteen years on counts I, II, and III and five years on counts IV and V.
On appeal, petitioner’s appellate counsel filed a brief pursuant to Anders v. Califor *1114 nia, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court affirmed without opinion. Bernal v. State, 9 So.3d 748 (Fla. 1st DCA 2009). However, Judge Benton filed a concurring opinion observing that “[tjhis case represents at least an arguable issue about whether appellant’s resentencing comported with the prohibitions against double jeopardy” and that the affirmance was “without prejudice to appellant’s right to seek relief collaterally ... although he may not have the right to be assisted by counsel in doing so.” Id. at 749. This petition follows.
In his petition, petitioner alleges appellate counsel was ineffective for not arguing that the trial court vindictively resentenced him to consecutive prison terms on all counts in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We find this claim to be without merit. Because the overall length of petitioner’s imprisonment before and after resentencing remained unchanged at fifty-five years, no presumption of vindictiveness arose under Pearce. See Blackshear v. State, 531 So.2d 956, 958 (Fla.1988) (holding the trial court could restructure the defendant’s sentences from concurrent to consecutive under Pearce provided the overall length of the defendant’s imprisonment remained the same); Everett v. State, 824 So.2d 211 (Fla. 1st DCA 2002) (same). Accordingly, we deny the petition as to this particular claim.
In addition, petitioner alleges appellate counsel was ineffective for not arguing that the trial court erred in resen-tencing petitioner to consecutive prison terms on counts IV and V in violation of the constitutional prohibition against double jeopardy. Although this argument was raised below during a series of hearings on petitioner’s rule 3.800(b)(2) motion, it was not raised by appellate counsel on appeal. We conclude this constituted deficient performance that prejudiced petitioner on appeal. When the trial court granted petitioner’s rule 3.800(b)(2) motion challenging only the legality of his sentences on counts I, II, and III, the constitutional prohibition against double jeopardy precluded the trial court from modifying petitioner’s unchallenged sentences on counts IV and V, which petitioner had begun serving and were final by the time he filed his rule 3.800(b)(2) motion. See Delemos v. State, 969 So.2d 544 (Fla. 2d DCA 2007); Pitts v. State, 935 So.2d 634 (Fla. 2d DCA 2006); Kenny v. State, 916 So.2d 38 (Fla. 4th DCA 2005); Seago v. State, 627 So.2d 1316 (Fla. 2d DCA 1993). Accordingly, we grant the petition as to this claim and remand with directions that the trial court reinstate the original concurrent sentences on counts IV and V. See Gordon v. State, 635 So.2d 1017, 1018 (Fla. 1st DCA 1994); Seago, 627 So.2d at 1316.
PETITION GRANTED in part and DENIED in part.
PADOVANO, HAWKES and SWANSON, JJ„ Concur.