THOMAS, J.
Appellant raises two issues on appeal. He contends that the trial court committed reversible error during resentencing by imposing a mandatory minimum sentence that exceeded the court’s original mandatory minimum sentence. Appellant also argues the trial court erred by admitting into evidence certain photographic evidence. We affirm this second issue without further comment. For the reasons explained below, we reverse the trial court’s sentence imposed on resentencing.

Factual Background

Appellant was convicted of two counts of aggravated battery, one count of aggravated assault (all charged as first-degree felonies), and one count of possession of a firearm by a convicted felon. The jury specifically found: Appellant discharged a firearm, causing great bodily harm to the victims of the aggravated batteries; Appellant discharged a firearm in the course of the aggravated assault; and possession of a firearm by a convicted felon. Appellant was sentenced to 40 years’ imprisonment as to each of the aggravated battery *3 charges, both to run concurrently. Pursuant to section 775.087(2)(a), Florida Statutes (the “10-20-Life statute”), the trial court imposed the 25-year minimum sentence provided by that law. The court also sentenced Appellant to 20 years’ imprisonment on the aggravated assault conviction, to run concurrently with the other sentences, which was also a mandatory minimum based on 10-20-Life.
Appellant subsequently filed a Florida Rule of Criminal Procedure 8.800(b)(2) motion alleging that his sentence was illegal. Appellant argued that the phrasing used in the verdict form pertained to the special finding that a firearm was used in the commission of the crime; thus, the use of a firearm was made an element of the offense of aggravated battery, and therefore, the aggravated battery charges were second-degree, not first-degree felonies, carrying a maximum 15-year sentence, rather than the 30-year maximum applicable to first-degree aggravated battery. Appellant also contended that, because the court expressly pronounced at the sentencing hearing that the mandatory minimum would be 25 years, it could not exceed that 25-year sentence when imposing the mandatory minimum for a second-degree felony. Appellant further argued that, pursuant to Mendenhall v. State, 48 So.3d 740 (Fla.2010), the maximum penalty the court could impose was 25 years, because the batteries were second-degree felonies, yet the court specifically imposed a 25-year mandatory minimum for use of the firearm.
The trial court issued a show cause order, to which the State responded by arguing the sentence was legal pursuant to section 775.087(2)(a)3., Florida Statutes, which provides that “regardless of whether the use of a weapon is an element of a felony,” and during the course of committing a felony the defendant discharged a firearm resulting in death or great bodily harm, the convicted felon “shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.”
The trial court issued an order granting Appellant’s motion with respect to the issue of reducing the felonies from first to second degree. Addressing Appellant’s claim that his 40-year sentence was illegal, and that any sentence above the 25-year mandatory minimum was also illegal, the trial court found:
In Mendenhall v. State, 48 So.3d 740 (Fla.2010), the Florida Supreme Court held that under the ’10-20-Life’ statute, a defendant could be sentenced to a mandatory minimum sentence of 25 years to life irrespective of the statutory maximum for the offense. However, Mendenhall did not specifically authorize a sentence above the statutory maximum beyond the mandatory minimum sentence.
(Citation omitted; emphasis in original.) The trial court then cited the Fourth District’s recent opinion in Wiley v. State, 125 So.3d 235 (Fla. 4th DCA 2013), and found:
because counts one and two should be second-degree felonies, a 40-year sentence is not authorized by law. Therefore, Defendant should be resentenced to a legal sentence that will effectuate the intent of the Court. See Bernal v. State, 76 So.3d 1112 (Fla. 1st DCA 2011) (a Court may restructure a sentence on the counts challenged by a defendant as long as the overall term of the sentence is the same). The Court’s original intent was for Defendant to serve the 25-year mandatory minimum sentence followed by 15 years in prison, during which he would be eligible for gain time awards. Pursuant to section 944.275, Florida Statutes, a defendant must serve *4 at least 85% of his sentence regardless of the amount of gain time accrued. Accordingly, under the original 40-year sentence, if Defendant were to accrue the maximum gain time award available, he would have to serve 12.75 years after completing the 25-year mandatory minimum. Therefore, in order to impose a sentence clearly authorized by Mendenhall without increasing the overall term of incarceration, it appears that a mandatory minimum sentence of 37.75 years would be permissible at resentenc-ing and would effectuate the Court’s intent. However, both parties should be prepared to argue the permissible sentencing range at resentencing.
(Emphasis in original.)
After a resentencing hearing, the trial court imposed its new sentence comporting with the sentence discussed in this order, and this appeal followed.

Analysis

The trial court’s new sentence involves two issues: First, whether it erred by imposing a greater mandatory minimum sentence than its previous sentence included; and second, whether it was incorrect in determining that it was not permitted to impose once again a 40-year overall sentence. Because both issues present questions of law, our review is de novo. See Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000). We conclude that the trial court erred in both instances.

Increased Mandatory Minimum Sentence

“It is well established that once a defendant has begun serving a lawfully-imposed sentence, the defendant may not thereafter be resentenced for an increased term of incarceration.” Rizzo v. State, 430 So.2d 488 (Fla. 1st DCA 1983). This principle applies to any increase to a mandatory minimum aspect of a sentence. See Macias v. State, 572 So.2d 22, 23 (Fla. 4th DCA 1990) (holding it was error to increase a mandatory minimum sentence once the court entered a written sentence which the appellant had begun serving).
Although the trial court here declared at the resentencing hearing that its intent at the time it imposed the original sentence was for Appellant to serve 40 years in prison, it is clear from the transcript of the original sentencing hearing, and the written sentencing documents signed at that hearing, that the court’s sentence was for 40 years’ imprisonment, with a special provision that Appellant serve a mandatory minimum of 25 years.
If the court intended for Appellant to mandatorily serve the entirety of 40 years, it could have legally imposed such a sentence pursuant to section 775.087(2)(a)3, Florida Statutes, at the time of the original sentencing. That statute provides, in relevant part:
Any person who is convicted of a felony ... regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a “firearm” or “destructive device” as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.
In Mendenhall, our supreme court held that, regardless of what the maximum sentence may have been, but for this statute, a trial court has the discretion to impose a mandatory minimum in excess of 25 years. 48 So.3d at 742. Here, the trial court did not do so in its original sentence; thus, its new sentence increasing the mandatory minimum portion of Appellant’s sentence *5 from 25 years to 37.55 years was legally impermissible.
Also, contrary to the trial court’s finding, this new sentence was not, as in Bernal v. State, 76 So.3d 1112 (Fla. 1st DCA 2011), a mere restructuring to comport with its intent while also ensuring that the overall length of Appellant’s sentence was not increased. Rather, the trial court upwardly modified Appellant’s sentence by making the entire sentence a mandatory minimum, thus impermissibly increasing the previously-imposed mandatory minimum sentence.
It is clear from the trial court’s order issued in advance of the resentencing hearing, and in our review of the transcript from that hearing, that the court relied on the Fourth District’s Wiley opinion, which the trial court read as prohibiting a sentence in addition to a selected mandatory minimum sentence, if the resulting overall sentence exceeds the statutory maximum sentence for an offense absent the 10/20/ Life requirement. Pursuant to Wiley, the trial court was of the opinion that it could not reimpose a sentence of 40 years with a 25-year minimum because such a sentence would exceed the 15-year maximum applicable to a second-degree aggravated battery felony. The court thus attempted to navigate the Mendenhall and Wiley decisions by imposing a mandatory minimum that did not exceed its original overall sentence of 40 years’ imprisonment. As discussed below, however, to the extent Wiley stands for the proposition that, under section 775.087(2)(b), a trial court may impose a sentence in addition to its selected mandatory minimum, only if there is separate statutory authority to do so, we respectfully disagree with that decision, and we decline to follow it.

Permissible Sentencing Range

In Wiley, the appellant was convicted of second-degree murder and sentenced to life in prison pursuant to the 10-20-Life statute. On appeal, the conviction was reduced to third-degree murder, and the case was remanded for resentencing. 125 So.3d at 237. On remand, “[i]n conjunction with the determination that Wiley was a habitual felony offender, the trial judge, pursuant to the 10/20/Life statute, sentenced Wiley to life in prison with the requirement that he serve a mandatory minimum imprisonment of 25 years.” Id.
On appeal of this sentence, Wiley argued that it was illegal because it was for life in prison “plus a twenty five (25) year mandatory minimum sentence, pursuant to the 10/20/life statute.” Id. at 240 (emphasis in original). Wiley argued that the “ ‘10/20/ life statute provides for a mandatory sentence of twenty five (25) years in prison up to life but not both.’” Id. (emphasis in original). The court rejected this argument, explaining that it “misconstrues the trial court’s sentence imposition.” Id.
The Wiley court explained that “the 10/20/Life statute ... ‘requires the imposition of a mandatory minimum sentence where a firearm is possessed or used during the commission of certain enumerated crimes, including murder.’ Mendenhall, 48 So.3d at 746.” Wiley, 125 So.3d at 240-41. That mandatory minimum, the court noted, is 25 years. Id. at 241. The court then opined that, “while Mendenhall pertained to the trial court’s discretion to set a mandatory minimum sentence, it did not address whether the trial court might impose a sentence longer than the mandatory minimum and in excess of the statutory maximum sentence as provided in section 775.082.” Id.
It was in this context that the Fourth District stated:
In this regard, section 775.087(2)(b) provides that the mandatory minimum sentence in subsection (2)(a)3. does “not *6 prevent a court from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence.” (Emphasis added). From a literal reading of the statute, it appears that while a trial judge may sentence a defendant pursuant to section (2)(a)3. to a mandatory minimum sentence between twenty-five years to life, the trial judge may give a sentence over the mandatory minimum selected only if “authorized by law.”
Id. (italicized emphasis in original; bolded emphasis added).
The court continued: “Here, Wiley’s conviction for third-degree murder was properly reclassified pursuant to the 10/20/ Life statute as a first-degree felony, punishable by a maximum of 30 years in prison. However, the trial court also found Wiley to be a habitual felony offender, which, pursuant to section 775.084(4)(a) 1.,” allowed a life sentence. Id. “Therefore, because Wiley was determined to be a habitual felony offender and the 10/20/ Life reclassification applied, the life sentence was ‘authorized by law.’ ” Id.
Thus, in Wiley, the Fourth District interpreted section 775.087(2)(b) as providing that, once a trial court imposes a mandatory minimum sentence, it can impose a sentence above that minimum only if otherwise authorized by law — that is, by an authorized sentence enhancer such as the habitual felony offender provision applicable in that case. We disagree.
First, if, pursuant to Mendenhall, a trial court may impose a mandatory minimum that exceeds the maximum sentence that would otherwise apply but for the 10-20-Life statute, it seems logical that the court could also impose a total sentence that exceeds that otherwise applicable maximum sentence. This interpretation is supported by the plain language of section 775.087(2)(b), Florida Statutes: “Subpara-graph (a)l., subparagraph (a)2., or subpar-agraph (a)3. does not prevent a court from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence, or from imposing a sentence of death pursuant to other applicable law.”[1] (Emphasis added.)
Unlike the court in Wiley, as we read the statute, the phrase “as authorized by law,” as used in this provision does not refer to some external authorization for a sentence in excess of the trial court’s selected mandatory minimum (such as the habitual offender statute in Wiley); rather, it refers to the maximum sentence authorized by law but for the 10-20-Life enhancement. In support of this interpretation, we point to the phrase “or from imposing a sentence of death pursuant to other applicable law.” § 775.087(2)(b) (emphasis added). The emphasized language clearly refers to external authority for imposing the death sentence, in contrast to the “as authorized by law” language that appears earlier in the statute. Had the Legislature intended for this phrase to refer to a sentence-enhancing statute, we are of the opinion that it would instead read “as otherwise authorized by law.”
Here, as the trial court correctly noted, at the time it imposed its sentence, it was bound by the Wiley decision, which at the time was the only appellate decision on this issue. With the rendering of the instant decision, however, circuit courts in *7 the First District may, pursuant to section 775.087(2)(b), Florida Statutes, impose a sentence in addition to its selected mandatory minimum sentence without regard to whether additional statutory authority for such an additional sentence exists.

Conclusion

Based on the foregoing, we reverse the trial court’s sentence and remand for re-sentencing, with Appellant present, consistent with this opinion. We affirm the trial court’s decision to allow into evidence the photographs to which Appellant objected at trial. We also certify conflict with the Fourth District’s opinion in Wiley to the extent that case holds that, under section 775.087(2)(b), Florida Statutes, a trial court may impose a sentence in addition to its selected mandatory minimum sentence imposed under the 10-20-Life statute only if otherwise authorized by another statute.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing; CONFLICT CERTIFIED.
MARSTILLER and MAKAR, JJ., concur.

. See also § 775.087(2)(c) ("If the mandatory minimum terms of imprisonment pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.”) (emphasis added).