DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**MICHAEL W. LEVINE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4596

[October 15, 2014]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502004CF000370A.

Michael W. Levine, Century, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Michael W. Levine appeals the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In 2004, Levine was charged with attempted first-degree murder with a firearm and other offenses. He entered into a negotiated plea to the lesser offense of attempted second-degree murder with a firearm with discharge causing great bodily harm, as well as shooting into an occupied vehicle and discharge of a firearm from a vehicle. The trial court sentenced him to fifty years in prison with a twenty-five year minimum mandatory for the attempted second-degree murder and fifteen years for the other offenses. In the motion at issue, Levine contends that the fifty year sentence on the attempted second-degree murder count is illegal. We agree.

Attempted second-degree murder is a second degree felony. § 782.04(2), Fla. Stat. (2003); § 777.04(4)(c), Fla. Stat. (2003). The use of a firearm reclassifies the offense to a first-degree felony. § 775.087(1)(b), Fla. Stat. (2003). The fifty-year sentence exceeds the statutory maximum

of thirty years and is illegal. *Wiley v. State*, 125 So. 3d 235, 241 (Fla. 4th DCA 2013) (holding that section 775.087(2)(a)3. authorizes a court to give a mandatory minimum term between twenty-five years up to life but a "judge may give a sentence *over* the mandatory minimum selected only if 'authorized by law'"). Here, the court imposed only a twenty-five year mandatory minimum. The fifty-year sentence exceeds the statutory maximum, is not otherwise authorized by law, and is therefore illegal. *Antoine v. State*, 138 So. 3d 1064, 1078 (Fla. 4th DCA 2014); *Walden v. State*, 121 So. 3d 660, 661 (Fla. 4th DCA 2013).

The order denying Levine's motion to correct illegal sentence is reversed, and this matter is remanded for further proceedings.

We certify that our decision is in conflict with *Kelly v. State*, 137 So. 3d 2, 7 (Fla. 1st DCA 2014),[1] where the First District Court of Appeal disagreed with *Wiley*.

*Reversed and Remanded.*

DAMOORGIAN, C.J., STEVENSON and FORST, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] A petition for discretionary review is pending in *Kelly v. State*, No. SC14-916.