DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIUS FRANKLIN ROCKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1271

[March 9, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 502009CF010846AXXXMB.

Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Julius Rocker, appeals his judgments and sentences for two counts of attempted second degree murder with a firearm. Appellant, who represented himself at trial, raises the following arguments on appeal: (1) the court erred in allowing the State to submit evidence of his vehicle because the State failed to preserve the vehicle; (2) the court abused its discretion and impermissibly allowed a police officer to testify that the engine in Appellant's vehicle was still warm when the officer found the vehicle shortly after the crime was committed; (3) the court erred by denying Appellant's motion for a mistrial after a fingerprint analyst referred to the national crime database, which suggested improper collateral crime evidence; (4) the trial judge, a successor to two disqualified judges, erred in commenting on the facts contained in Appellant's post-trial motion to disqualify when denying the motion; and finally, (5) Appellant's life sentences for each of his attempted second degree murder with a firearm convictions are illegal pursuant to our holding in *Levine v. State*, 162 So. 3d 106 (Fla. 4th DCA 2014). We affirm on issues 1–4 and reverse on issue 5 — the sentencing issue.

In *Levine*, we held that a fifty-year sentence for attempted second-degree murder with a firearm with discharge causing great bodily harm was illegal. 162 So. 3d at 107. In doing so, we rejected the State's contention that the provision in section 775.087 ("the 10-20-Life statute") allowing the court to impose a mandatory minimum term between twenty-five years and up to life permitted the court to impose a sentence exceeding the statutory maximum for the underlying offense. We reasoned:

> Attempted second-degree murder is a second degree felony. § 782.04(2), Fla. Stat. (2003); § 777.04(4)(c), Fla. Stat. (2003). The use of a firearm reclassifies the offense to a first-degree felony. § 775.087(1)(b), Fla. Stat. (2003). The fifty-year sentence exceeds the statutory maximum of thirty years and is illegal. *Wiley v. State*, 125 So. 3d 235, 241 (Fla. 4th DCA 2013) (holding that section 775.087(2)(a) 3. authorizes a court to give a mandatory minimum term between twenty-five years up to life but a "judge may give a sentence *over* the mandatory minimum selected only if 'authorized by law'"). Here, the court imposed only a twenty-five year mandatory minimum. The fifty-year sentence exceeds the statutory maximum, is not otherwise authorized by law, and is therefore illegal. *Antoine v. State*, 138 So. 3d 1064, 1078 (Fla. 4th DCA 2014); *Walden v. State*, 121 So. 3d 660, 661 (Fla. 4th DCA 2013).

*Id.*

The State concedes that *Levine* merits reversal, but urges us to reconsider our holding in light of the First District's decision in *Kelly v. State*, 137 So. 3d 2, 7 (Fla. 1st DCA 2014), wherein the court held that a defendant's forty-year sentence, which exceeded the thirty-year statutory maximum, was not illegal due to the application of the 10-20-Life statute. We decline to follow *Kelly* and our decision in *Levine* remains the law of this district.[1] Accordingly, we reverse the two life sentences for attempted

---

[1] Initially, the Florida Supreme Court granted review of *Kelly*, but during the pendency of this appeal, dismissed review. *Kelly v. State*, 169 So. 3d 122 (Fla. 2015). The court then accepted review of another First District case certifying conflict with *Levine*. *Hatten v. State*, 152 So. 3d 849, 850 (Fla. 1st DCA 2014), *review granted*, SC15-22, 2015 WL 6126925 (Fla. 2015). The court's decision in *Hatten* is pending.

second degree murder with a firearm and remand for resentencing in light of our holding in *Levine.*

*Affirmed in part and reversed in part and remanded.*

TAYLOR and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**